*67 OPINION.
Steeniiagen :
The petitioner claims to be exempt from income and profits taxes by virtue of the provisions of the revenue acts in effect- during the taxable years in question, which provide that .the following organizations shall be exempt from taxation thereunder :
Corporations organized and operated exclusively for, religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual. .
This is section 231 (6) of the Revenue Act of 1918, and the Revenue Acts of 1916 and 1917 contain a substantially similar provision for exemption.
This provision is similar in all respects, for the purposes of the present proceeding, to that considered by the Supreme Court in Trinidad v. Sagrada Orden de Predicadores, 263 U. S. 578. It is apparent’ that the- court regarded the general purpose and the primary functions and activities of the organization as the principal matters to be considered. That is to say, a corporation failing in the primary attribute of being a religious, charitable, scientific of *68 educational organization requires no further consideration, for it is in no event within the exempting provision. If it be not one of this class, it is unnecessary to consider the remaining qualifications prescribed by the statute, since they are only restrictions upon corporations of the principal character exempted. In the Trinidad case it was stipulated that the plaintiff was organized and operated for religious, benevolent, scientific and educational purposes, and that it had income from rents, dividends, interest, alms and the sale of stocks, wine, chocolate and other articles. In behalf of the Government it was contended that the plaintiff was not operated “ exclusively ” for religious, charitable or educational purposes, but that its sales were matters of business which prevented it from being exclusively of the character required by the statute. The Government’s contention was described by the court as follows:
The defendant concedes that the plaintiff is organized and operated for religious, charitable and educational purposes and that no part of its net income inures to the benefit of any stockholder or individual, but contends that it is not “ operated exclusively ” for those purposes, and therefore is not within the exception in the taxing act. Stated in another way, the contention is that the plaintiff is operated also for business and commercial purposes in that it uses its properties to produce income, and trades in wine, chocolate and other articles. In effect, the contention puts aside as immaterial the fact that the income from the properties is devoted exclusively to religious, charitable and educational purposes, and also the fact that the limited trading, if it can be called 'such, is purely incidental to the pursuit of those purposes, and is in no sense a distinct or external venture.
The court held against this contention and said:
Evidently the exemption is made in recognition of the benefit which the public derives from corporate activities of the class named, and is intended to aid them when not conducted for private gain. Such activities can not be carried on without money; and it is common knowledge that they are largely, carried on with income received from properties dedicated to their pursuit. This is particularly true of many charitable, scientific and educational corporations and is measurably true of some religious corporations. Making such properties productive to the end that the income may be thus used does not alter or enlarge the purposes for which the corporation is created and conducted. * * *
* * * In using the properties to produce the income, it therefore is adhering to and advancing those purposes, and not stepping aside from them or engaging in a business pursuit.
In respect of the transactions in wine, chocolate, and other articles, it was held that they were “ incidental to the work which the plaintiff is carrying on. That the transactions yield some profit is in the circumstances a negligible factor. Financial gain is not the end to which they are directed.”
The argument of the Commissioner here is similar in effect although substantially different in its emphasis. It is said that the *69 several departments of the corporation, such as the inn and the publications, are conducted in competition with purely commercial ventures, so that every meal served at the inn takes so much from a competing restaurant and that each book sold deprives another publisher of a similar sale. This, it is said, deprives the corporation of an exclusively religious, charitable or educational character. As the basis for this contention it is apparent that the Commissioner relies upon the incidental statement by the court in the Trinidad case that “ it is not claimed that there is any selling to the public or in competition with others.”
For the purpose and operations of this corporation we must look to the evidence, and it is manifest that the entire reason for its existence is an altruistic purpose to promote a religion and the spiritual welfare of mankind. If for some unforeseen reason the corporation were no longer permitted or enabled to fulfill this purpose, it would have no cause to continue in existence. Neligion and education dominate its activities and all else is incidental to this end.
Can it then be said that the financial aspects of the conduct of the inn or of the farm or of the publication of the books and periodicals are such as to make the statutory word “ exclusively ” inapplicable? We think not. There is nothing in the statute which justifies the Government’s emphasis upon the competitive aspect of its selling. The inquiry must always be whether all of the activities of the organization in question are devoted to furthering its predominant religious, charitable, scientific or educational purpose— are all of its activities designed and carried on to advance religion, charity, science or education? If these purposes or any of them are the controlling reasons for the corporation’s existence and all things are devoted by it to that end, the congressional purpose of exemption, “made in recognition of the benefit which the public derives,” should not be defeated because its incidental features are to some extent profitable. It is only when such profits or net income are used for private rather than public benefit that Congress has taxed them.
It is said that the fact that the incorporation was under the business law is indicative of its commercial purpose. This might be significant if not otherwise explained, but it is not conclusive. A corporation so organized is not, merely because it is permitted thereby to engage in business, precluded from an exclusively charitable purpose. The purpose of its organization and operation is still a question of fact, and the evidence may be such as to show that its purpose was charitable despite the ordinary implications of the statute under which it was created. The suggestion also arises that the stated purposes expressed in the charter are entirely consistent *70 with a corporation to be conducted for private gain — that a school or a sanitarium is not necessarily charitable or non-profitable. And this, indeed, is true. By its charter this corporation might lawfully have been used as the means of increasing the-wealth of its founders and stockholders. But the evidence is all to the effect that this was never the purpose or intent and has not been the effect. -Looking to the purpose, as the statute requires, it becomes a question again of fact, as disclosed by evidence, and this is not determined by what might otherwise have been consistent with the charter.
In considering whether a corporation is religious, charitable or educational, we must always be guided by the character of the or'ganization and its activities. Religion is not confined to a sect or a ritual. The symbols of religion to one are anathema to another. What one may regard as charity another may scorn as foolish waste. And even education is to-day not free from divergence of view as to its validity. Congress left open the door of tax exemption to all corporations meeting the test, the restriction being not as to the species of religion, charity, science or education under which they might operate, but as to the use of its profits and the exclusive purpose of its existence.
We are of opinion that the purpose of the petitioner is within the statute, that its financial activities are only incidental to this-purpose and do not change it, and that its earnings are all devoted to this purpose. The petitioner was therefore exempt from tax and there is no deficiency.

Order of no deficiency will be entered.