### LEUBUSCHER v. COMMISSIONER OF INTERNAL REVENUE.

No. 126.

Circuit Court of Appeals, Second Circuit.

Jan. 4, 1932.

Frederic C. Leubuscher, of New York City, in pro. per.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Eugene G. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This petition seeks a review of a determination of the Board of Tax Appeals holding that certain legacies provided in the will of Robert Schalkenbach are not deductible in computing the estate tax. The deduction is claimed because two bequests are said to be "exclusively for educational purposes." The first bequest provided for by the will is as follows:

"Forty-first. Being firmly convinced that the principles expounded by Henry George in his immortal book entitled 'Progress and Poverty' will, if enacted into law, give equal opportunity to all and tend to the betterment of the individual and of society by the abolition of involuntary poverty and its attending evils, I give, devise and bequeath all the rest, residue, and remainder of my estate, including lapsed legacies, unto John H. Allen * * * to expend the same and any accretions of income thereof, in such amounts, at such times and in such manner as to the corporation hereinafter directed to be formed may seem best, for teaching, expounding, and propagating the ideas of Henry George as

set forth in his said book and in his other books, especially what are popularly known as the single tax on land values and international free trade; and I direct that as soon after my decease as may be practicable the said persons, or as many of them as may be willing to serve, shall form or cause to be formed a corporation under the laws of the State of New York, or, if necessary, by act of the legislature of the State of New York, for the purpose of more effectively carrying out the above-stated objects of this trust, and shall transfer to such corporation all the moneys they may have received from my estate for said purposes. * * *"

The thirty-sixth clause of the will gives $5,000 to the Manhattan Single Tax Club. This club was founded by Henry George. Its certificate of incorporation provides:

"First, to advocate the abolition of all taxes upon industry and the products of industry, and the taking by taxation upon land values, exclusive of improvements, of the annual rental value of those various forms of natural opportunities embraced under the general term, 'land'; and

"Secondly, to promote social intercourse among single-tax people."

The taxing statute (Revenue Act of 1924, c. 234, § 303, 43 Stat. 253, 26 USCA § 1095 note) allows deductions, in determining the value of the net estate in the case of a resident, from the gross estate "the amount of all bequests, legacies * * * for the use of any domestic corporation organized and operated exclusively for * * * educational purposes, * * * or to a trustee * * * exclusively for * * * educational purposes." The Robert Schalkenbach Foundation, Inc., was formed to carry out the intention of the testator as expressed in his will. The Board of Tax Appeals, admitting the educational purposes for which testator made the bequest, found that it was not exclusively for educational purposes because of the use of the phrase "if enacted into law." But these words are found in the middle of the sentence used by the testator in the forty-first clause of his will, and they but visualize what the testator thought would happen if education went forth as to the principles of Henry George. He willed that the legacy was to be expended as "the corporation hereinafter directed to be formed may seem best, for teaching, expounding, and propagating the ideas of Henry George as set forth in his said book. * * *" The money was to be used for teaching, expounding and propagating, not for seeking the passage of legisla-

tion. Weyl v. Com'r, 48 F.(2d) 811, 812 (C. C. A. 2). When the corporation was organized, it determined not to participate in political campaigns, nor did it seek legislation. Slee v. Com'r, 42 F.(2d) 184 (C. C. A. 2). It has adhered to the duties imposed by the will through its activities in education, colleges, and libraries. The purposes of the bequest are to be ascertained from the will, not the corporation's charter privileges, and the conduct of the trust since, if not in accordance with the will, is merely a perversion or mismanagement of the trust to be corrected by proper authority. Eagan v. Com'r., 43 F.(2d) 881, 71 A. L. R. 863 (C. C. A. 5).

In Slee v. Com'r, supra, we considered an income tax return and a claimed deduction for contribution to the American Birth Control League, the character of which had for its object "to enlist the support and co-operation of * * * legislators in effecting the lawful repeal" of existing laws, and we held it was not a deductible sum because the organization was not exclusively charitable, although the league was organized supposedly for charitable purposes. In Weyl v. Com'r, supra, we said: "It is clear that, as Congress did not intend to use the word 'education' in the statute in any exceptional sense, but giving it its plain, ordinary meaning. * * *" In that case the taxpayer made contribution to the League for Industrial Democracy, which made researches, gave lectures, held debates and discussions, published pamphlets and books, and distributed them, all concerning economic and social problems. We said that "the fact that its aim may or may not resemble that of a political party does not of itself remove it from the category of an association engaged in educational work." But where a residuary estate was bequeathed to a corporation organized for research of tuberculosis, the income of which. was to be used for that purpose, or to aid destitute patients in a sanitarium, and where the trustees were empowered by the will to discontinue the object of the bequest for cause, in which event the remainder was to be distributed to the testator's relatives, it was held that the bequest was not exclusively charitable even though distributed in accordance with the intent of the testator, namely, to needy persons in a sanitarium. The sanitarium was operated by the decedent's trustees for profit, and the funds received would go to enrich the institution. The contingency allowing the trustee to discontinue the charitable devise and put it to uncharitable purposes took the bequest out of the statute. Schoenheit v.

Lucas, 44 F.(2d) 476 (C. C. A. 4). In the instant case, it is clear that this bequest was exclusively for educational purposes, if we look to the provisions of the will, as we are obliged to, and the deductions of this residuary legacy should have been allowed.

The Manhattan Single Tax Club's purposes, as found by the Board and as mentioned in the certificate of incorporation, were to advocate the Henry George doctrine and the promotion of social intercourse "among single tax people." The Board found that "clearly this expressed purpose of organization is not exclusively charitable, scientific, literary or educational, irrespective of how narrowly the corporation may at any given time restrict its operations, and it is unnecessary to consider whether the evidence shows that the corporation has in fact been operated within the restrictions of the statute." With this we agree. The corporation certificate expresses another purpose, to advocate the abolition of all taxes upon industry and the products of industry, and their replacement by a single tax upon land. To advocate means "to plead in favor of, to defend by argument before a tribunal or the public, to support, vindicate or recommend publicly." Webster's Internat'l Dictionary. This does not express an educational purpose, although it may be educational in some degree to those who listen to or read the theories urged. It has for its purposes the dissemination of controversial propaganda, which means a plan for the publication of a doctrine or system of principles.

This we do not regard as exclusively educational within the meaning of the statute, but on the contrary it tends, we think, to accomplish the purpose of the person proposing it, and that purpose is to effect a change in the existing system of taxation. Such a purpose does not meet the requirements of the statute. In Chemists' Club v. U. S., 64 Ct. Cl. 156, the question presented was whether the club was a social club within the meaning of section 801 of the Revenue Acts of 1918 and 1921 (40 Stat. 1121 and 42 Stat. 291). That section imposed a tax on the amount paid as dues or initiation fees to any social, athletic, or sporting club or organization. The club's certificate of incorporation stated that its purpose was "to promote the interests of chemists and those interested in the science and application of chemistry." It provided a building and scientific equipment, maintained a library and afforded facilities for discussion and experiments in the field of chemistry. It had none of the usual fa-

cilities for social activities. It maintained a dining room, operated at a loss. The court held that the social features were remotely incidental to its general and predominant purposes, and that it was not a social club within the meaning of the taxing statute. The instant case is not distinguishable from the principle of the Chemists' Club Case. There is no right to the reduction here because the purpose of the organization and its actual operations are not exclusively educational. The Board correctly held that this legacy is not deductible in determining the estate tax. The decree will be modified as indicated in this opinion.

Decree modified.