**PRODUCE EXCHANGE STOCK CLEARING ASS'N, Inc., v. HELVERING, Commissioner of Internal Revenue.**

No. 305.

Circuit Court of Appeals, Second Circuit.

June 4, 1934.

For the opinion below, see 27 B. T. A. 1214.

Allen H. Gardner, of Washington, D. C. (Morris, Kix Miller & Baar, of Washington, D. C., of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen. (Sewall Key and John G. Remey, Sp. Assts. to Atty. Gen., of counsel), for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The question presented for decision is whether the petitioner is exempt from income tax by virtue of section 103 (7) of the Revenue Act of 1928 [45 Stat. 812, 813, 26 US CA § 2103 (7)], granting exemption to "Business leagues, chambers of commerce, real estate boards, or boards of trade, not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual." The Board decided adversely to the taxpayer's claim of exemption.

The petitioning taxpayer is a corporation organized under the Stock Corporation Law of New York (Consol. Laws, c. 59) with a capital stock of $25,000 all of which is held by the New York Produce Exchange. The latter decided in 1928 to provide facilities for dealings in securities as well as commodities; and pursuant to this decision it caused the petitioner to be formed for the purpose of aiding persons trading in securities listed on the Produce Exchange in clearing their transactions. The clearing service performed by the petitioner is furnished only to "clearing members." During 1929, the taxable year in question, such membership was limit-

ed by the petitioner's by-laws to members of the New York Produce Exchange and firms having a partner who was a member of that Exchange. Subsequently, the class of persons eligible to become "clearing members" was enlarged so that in general any broker who desires to trade in securities listed on the Produce Exchange may obtain such membership. For the service rendered, a small fixed charge, which is uniform as to all clearing members, is collected by the petitioner. The charge was originally determined with a view to just covering expenses, but in 1929 receipts exceeded expenditures by nearly $40,000. In later years the charge was reduced below cost, and, when the surplus realized in 1929 shall have been exhausted, it is intended to fix a charge which will cause receipts and expenses to balance. Although the petitioner was organized as a business corporation under the Stock Corporation Law, its by-laws make no provision for the payment of dividends, and in fact no dividend has ever been paid.

Were the construction of the statutory provision in question a matter res integra, we should find little difficulty in holding that a corporation formed for the purpose of affording clearing house facilities to a limited group of traders in securities was not a "business league" entitled to exemption from taxation. The numerous subdivisions of section 103 of the Revenue Act of 1928 (26 USCA § 2103) and the corresponding provisions in the earlier acts, specify organizations which, in the great majority of instances, are evidently granted exemption because of the benefit to be derived by the public from their activities. Cf. Trinidad v. Sagrada Orden, 263 U. S. 578, 581, 44 S. Ct. 204, 68 L. Ed. 458. There is reason why these should be favored, but none is apparent for exempting an association which merely serves each member as a convenience or economy in his business. This is the distinction which the Board of Tax Appeals and the courts have taken in applying the provision in question to somewhat analogous situations. Uniform Printing & Supply Co. v. Commissioner, 33 F.(2d) 445 (C. C. A. 7), affirming 9 B. T. A. 251; Crooks v. Kansas City Hay Dealers' Ass'n, 37 F.(2d) 83 (C. C. A. 8); Northwestern Jobbers' Credit Bureau v. Commissioner, 37 F.(2d) 880 (C. C. A. 8), affirming 14 B. T. A. 362; Louisville Credit Men's Adjustment Bureau v. United States, 6 F. Supp. 196 (D. C. W. D. Ky.); A-1 Cleaners & Dyers Co. v. Commissioner, 14 B. T. A. 1314; Growers Cold Storage Co. v. Commissioner, 17 B. T. A. 1279.

The strength of the petitioner's argument for exemption lies in the Treasury Regulations. Art. 518 of Regulations 45, promulgated under the Revenue Act of 1918, provided as follows:

"Business leagues—A business league is an association of persons having some common business interest, which limits its activities to work for such common interest and does not engage in a regular business of a kind ordinarily carried on for profit. Its work need not be similar to that of a chamber of commerce or board of trade. * * * A clearing house association, not organized for profit, no part of the net income of which inures to any private stockholder or individual, is exempt provided its activities are limited to the exchange of checks and similar work for the common benefit of its members. * * * "

The foregoing provisions were repeated in Regulations 62, 65, and 69, promulgated respectively under the Revenue Acts of 1921, 1924, and 1926. In 1925, however, Regulations 65 were amended by adding at the end of article 518 the sentence, "A stock exchange is not a business league, a chamber of commerce, or a board of trade within the meaning of the law and is not exempt from tax." T. D. 3746, C. B. IV-2, 77. Not until February 15, 1929, which was subsequent to the enactment of the Revenue Act of 1928, was article 518 modified (in Regulations 74, art. 528) by eliminating the reference to a clearing house association as an exempt organization, and by providing that a business league "is an organization of the same general class as a chamber of commerce or board of trade." Hence the petitioner is enabled to argue that the departmental definition of "business league" as including a clearing house association has received legislative approval in the repeated re-enactments of the statute in question. See McCaughn v. Hershey Chocolate Company, 283 U. S. 488, 492, 51 S. Ct. 510, 75 L. Ed. 1183.

While not unmindful of the force of this argument, we think it cannot prevail. The petitioner is merely an adjunct to the business of the Produce Exchange. Had the latter extended its own services to include clearing facilities for its members and others trading on its exchange, it would clearly have remained a nonexempt stock exchange. The statute could never have contemplated that by creating a subsidiary corporation to furnish such facilities, even though they were intended to be performed at cost, it could obtain tax exemption for its creature. The pe-

titioner's activities are solely for the direct benefit of its so-called "clearing members." Nothing is done to advance the interests of the community or to improve the standards or conditions of a particular trade, as in the case of chambers of commerce, real estate boards, and boards of trade. Under the familiar doctrine of noscitur a sociis, a business league to be exempt must possess the general characteristics of these other organizations with which the statute groups it. The petitioner does not possess them; its purpose is simply to provide a business economy or convenience for individual traders. If the earlier regulations be deemed to include an organization such as the petitioner within the definition of "business league," that definition must be regarded as invalid because contrary to the statute. The decision is not controlled by Crooks v. Kansas City Hay Dealers' Ass'n, 37 F.(2d) 83 (C. C. A. 8), upon which the petitioner relies, for there the purpose of the exempt organization was to promote sound business standards, and the benefit to its members was incidental.

We affirm the order upon the ground that the petitioner is not a business league within the meaning of the statute, and therefore we do not consider whether the other statutory conditions to exemption were satisfied.

Order affirmed.