**COMMISSIONER OF INTERNAL REVENUE v. BERKELEY HALL SCHOOL, Inc.**

**No. 8122.**

Circuit Court of Appeals, Ninth Circuit.

June 22, 1936.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, Rob-ert N. Anderson, and Louise Foster, Sp. Assts. to Atty. Gen., for petitioner.

Claude I. Parker and Ralph W. Smith, both of Los Angeles, Cal. (L. A. Luce, of Washington, D. C., and Henry Schaefer, Jr., of Los Angeles, Cal., of counsel), for respondent.

Before WILBUR, GARRECHT and DENMAN, Circuit Judges.

DENMAN, Circuit Judge.

The petitioner seeks reversal of a decision of the Board of Tax Appeals determining nontaxable certain income to respondent, a corporation organized to engage in teaching for profit. The claimed profit arose from a real estate purchase development subdivision and sale trust, in general form like many from Southern California which have received our consideration.

The trust provided for the purchase by the trustee from the seller of 72 acres of land in Beverly Hills, Los Angeles county, Cal., on which purchase there had been a down payment of $10,000. The balance was to be paid from the proceeds of sales under the trust. A trust company was trustee and the instrument provided for a manager of the enterprise who was to act under the direction of the beneficiary, the respondent corporation, which was to receive all of the profits. The enterprise was a success, largely because certain Christian Science parents and their friends purchased lots in the tract surrounding a parcel reserved for a school plant for the education of the children of persons believing in or friendly to the Christian Science doctrines. The profits of the subdivision transaction came into the possession of the beneficiary and the tract for the school was deeded to it by the trust company.

The Commissioner assessed the tax in question upon all this profit received by the beneficiary as if the provisions of the trust instrument were the sole determining factor in the assessment. He contended before the Board, and contends here, that the transactions under the real estate trust constitute the entire facts upon which the character of the income and of the tax are to be determined. If he were correct, the tax was properly assessed against the respondent beneficiary under the provisions of the Revenue Act of 1928, c. 852, § 704 (b), 45 Stat. 880.

"Sec. 704. * * * (b) For the purpose of the Revenue Act of 1926 and prior Revenue Acts, a trust shall, at the option of the trustee exercised within one year after the enactment of this Act, be considered as a trust the income of which is taxable (whether distributed or not) to the beneficiaries, and not as an association, if such trust (1) had a single trustee, and (2) was created and operated for the sole purpose of liquidating real property as a single venture (with such powers of administration as are incidental thereto, including the acquisition, improvement, conservation, division, and sale of such property), distributing the proceeds therefrom in due course to or for the benefit of the beneficiaries, and discharging indebtedness secured by the trust property, and (3) has not made a return for the taxable year as an association."

Respondent contends the income to it was secured and held by it as property in which it had no private interest, but which was a fund and foundation organized and operated exclusively for educational purposes. If this be established, the income was excluded from taxation under the provisions of section 231 (6) of the act of 1924, 43 Stat. 282, 26 U.S.C.A. § 103 (6) and note, as follows:

"§ 231. (6) Corporations, and any community chest, fund, or foundation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual."

The Board of Tax Appeals found that the corporation respondent did not receive and hold the profits from the enterprise for its "separate use, benefit and disposal," Eisner v. Macomber, 252 U.S. 189, 207, 40 S.Ct. 189, 193, 64 L.Ed. 521, 9 A. L.R. 1570, and subject to its "unfettered command." Corliss v. Bowers, 281 U.S. 376, 378, 50 S.Ct. 336, 74 L.Ed. 916. The Board found that the entire enterprise was conceived and financed by a group of parents of the Christian Science faith and their friends who desired to create a school property and teaching enterprise, separate from respondent's, to be attended by the children of families of that faith. It finds that the trust instrument was a mere instrumentality in promoting this educational enterprise, and that the trustee chosen by a group of the parents, the manager of the purchase subdivision and sales, and the beneficiary were merely agents of the parents to carry out the educational objective. The form of the trust instrument itself was a product of their counsel. The land was chosen by them. The $10,000 down payment on the option on the land was advanced by them, and not by the respondent. All of the payments for the land were from the proceeds from the sales of lots thus planned for and provided.

The president and all of the stockholders of respondent participated in the activities of the parents, as agents to create this Christian Science educational property and institution. The testimony shows that the president and stockholders of the corporation acknowledged the receipt of the profits from the enterprise to be held by it in trust for the educational purpose indicated and that the corporation had no financial or proprietary interest in the money or the land.

The fact that the testimony shows that parents, the trust company, the manager of the subdivision, and the respondent, technical beneficiary, agreed by parol to the trust created in the moneys and lands in question cannot be objected to by the government not a party to any of the transactions. Levering v. Indemnity Ins. Co. of Nor. Am. (C.C.A.) 50 F.(2d) 151, 153; Barreda v. Silsbee, 21 How. (62 U. S.) 146, 169, 16 L.Ed. 86. Indeed, the testimony of these parol agreements does not constitute a variance of the real estate trust instrument. They merely demonstrate its subservient place in the accomplishment of the general purpose of the Christian Science parents who had caused its creation.

Under the direction of a committee of the parents, the funds, which were always kept by respondent in an account separate from its own funds, were used to construct a school building on the land. The respondent and the parents' organization attempted to perfect their educational object through the appointment of the Christian Science Church as a permanent trustee of the property and fund. This was as soon as they were received by respondent. Following failure in that effort, they continued to perfect the necessary arrangements to secure the use of the property and fund in perpetuity for the purpose specified.

The petitioner here asks this court to draw other inferences from the testimony than those contained in the findings of fact of the Board of Tax Appeals. We find that the evidence is sufficient to sustain the Board's findings.

We conclude the funds and the property received by the respondent are exempt from income tax under section 231 (6) of the Revenue Act of 1924.

The order of the Board of Tax Appeals is affirmed.

Affirmed.