## GAGNE, Collector of Internal Revenue, v. HANOVER WATER WORKS CO.

### No. 3260.

Circuit Court of Appeals, First Circuit.

Oct. 22, 1937.

Ellis N. Slack, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen., and Alexander Murchie, U. S. Atty., of Concord, N. H., on the brief), for appellant.

John P. Carleton, of Manchester, N. H. (McLane, Davis & Carleton, of Manchester, N. H., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the federal District Court for New Hampshire in favor of the plaintiff, entered in an action at law brought to recover a capital stock tax for the year ending June 30, 1933, which the plaintiff had paid to the defendant collector.

The plaintiff bases its right to recover on the ground that it was exempt from the payment of the capital stock tax imposed by section 215(a) of the National Industrial Recovery Act of June 16, 1933 (48 Stat. 207) by reason of section 103(14) of the Revenue Act of 1932, c. 209, 47 Stat. 193, 194 (26 U.S.C.A. § 103(14) and note); and sections 103(6) and 116(d) of chapter 209 of the Revenue Act of June 6, 1932 (26 U.S.C.A. §§ 103 note, 116(d) and note).

The National Industrial Recovery Act of 1933, so far as material to this case, provides (48 Stat. 207):

"Sec. 215(a). For each year ending June 30, there is hereby imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year an excise tax of $1 for each $1000 of the adjusted declared value of its capital stock. * * *

"(c) The taxes imposed by this section shall not apply—

"(1) to any corporation enumerated in section 103 of the Revenue Act of 1932."

660

Section 103 of the Revenue Act of 1932, 47 Stat. 193, 194 (26 U.S.C.A. § 103 and note) provides:

"The following organizations shall be exempt from taxation under this title [chapter] * * *

"(14) Corporations organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses, to an organization which itself is exempt from the tax imposed by this title [chapter]; * * *

"(6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual."

Chapter 209 of the Revenue Act of 1932 (section 116(d), 26 U.S.C.A. § 116(d) and note) provides:

"§ 116. *Exclusions from gross income*

"In addition to the items specified in section 22(b), the following items shall not be included in gross income and shall be exempt from taxation under this title [chapter]: * * *

"(d) *Income of states, municipalities, etc.* Income derived from any public utility or the exercise of any essential governmental function and accruing to any State, Territory, or the District of Columbia, or any political subdivision of a State or Territory, or income accruing to the government of any possession of the United States, or any political subdivision thereof."

It appears that the taxpayer, the Hanover Water Works Company, was chartered by a special act of the New Hampshire Legislature (Laws 1893, c. 290, § 1 et seq.) for the purpose of bringing water into the village of Hanover and by its charter was "vested with all the powers and made subject to all the liabilities incident to corporations of a similar nature." Section 1. , The charter further provided that the capital stock of the corporation should consist of $100 par value shares, not to exceed the sum of $75,000. Of these shares so authorized, the village precinct of Hanover and the trustees of Dartmouth College were each authorized to acquire a maximum of $25,000 in capital stock, $50,000 in all, or two-thirds of the authorized capital stock. In 1925 the charter was amended (Laws 1925, c. 272) by increasing the authorized capital stock to $100,000, and permitting the trustees of Dartmouth College and the village precinct of Hanover each to acquire $50,000 of such authorized stock.

From the year 1925 to and including the taxable year in question (ending June 30, 1933) Dartmouth College owned $47,500 and the village precinct $42,500 of the authorized capital stock. In other words, neither the college nor the village precinct had subscribed for and taken the amount of the capital stock of the water company which it was permitted to acquire.

During the taxable year the taxpayer obtained and supplied through its system water for Dartmouth College, for the hydrants of the village precinct, and for about 500 families in and about the town of Hanover. It also owned and rented three ice houses.

The taxpayer has, for the most part, consistently operated at a profit. It derives income from the sale of water to Dartmouth College, from the village precinct of Hanover, in hydrant rentals, and from sales, at retail, to consumers residing in the village of Hanover. Over one-half of its income is derived from the latter source.

On or about June 30, 1933, it had assets in the amount of $273,268.92 and liabilities as follows: Reserve for depreciation, $67,855; other reserves, $1,192; accounts payable, $200; mortgages, $86,000; capital stock, $90,000; undivided profits, $27,021.92. For the year 1933 the taxpayer had total operating revenues in the amount of $20,439.30, net operating revenues of $10,370.93, and paid dividends of $4,950. The amount carried to surplus was $1,131.47.

In the District Court it was ruled that Dartmouth College was a corporation authorized to operate exclusively for educational purposes and was exempt from paying an income tax under the provisions of the Revenue Act of 1932, title 1, c. 209, § 103 (6), 26 U.S.C.A. § 103 note; and the Hanover village precinct, a political subdivision of the state, under the provisions of the Act (title 1, c. 209, § 116(d), 26 U.S.C.A. § 116 (d) and note), was exempt from paying a tax on the income accruing to it from the Hanover Water Works Company. And that the taxpayer, on the facts above stated, came within the exemption provisions of the Revenue Act of 1932, title 1, c. 209, § 103(14), 26 U.S.C.A. § 103(14) and note, and was exempt from paying an excise tax on its capital stock under the provisions of

the National Industrial Recovery Act of 1933, c. 90, § 215(c) (1), 49 Stat. 207.

Having made these findings and rulings the court entered a verdict for the plaintiff in the sum of $146.71, with interest from October 8, 1935, upon which judgment was entered. It is from this judgment that the present appeal is taken.

The only question presented for our consideration is whether the court erred in its ruling that the plaintiff, the Hanover Water Works Company, during 1933, was a corporation exempt from the payment of an excise tax of $1 for each $1,000 of the adjusted declared value of its capital stock imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year, within the provisions of section 103(14) of the Revenue Act of 1932. In other words, was the water company a corporation organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses, to an organization or organizations which themselves are exempt from the tax imposed by this title?

It is plain enough that if the taxpayer, the water works company, is a corporation exempt from the payment of income taxes under section 103(14) of the Revenue Act of 1932, it is exempt from the payment of the excise tax imposed upon every domestic corporation under the provisions of section 215(c) (1) of the National Industrial Recovery Act of 1933.

As to the claim of exemption under section 103(14) of the Revenue Act of 1932, the provisions of the statute are to be construed more strongly against the taxpayer, for taxation is the rule and exemption the exception. Cornell v. Coyne, 192 U.S. 418, 24 S.Ct. 383, 48 L.Ed. 504; Heiner v. Colonial Trust Co., 275 U.S. 232, 48 S.Ct. 65, 72 L.Ed. 256; Bank of Commerce v. Tennessee, 161 U.S. 134, 16 S.Ct. 456, 40 L.Ed. 645; Pacific Co. v. Johnson, 285 U.S. 480, 52 S.Ct. 424, 76 L.Ed. 893; Chicago Theological Seminary v. Illinois, 188 U.S. 662, 23 S.Ct. 386, 47 L.Ed. 641.

The statute exempts only those corporations organized (incorporated) for the exclusive purpose of holding title to property, collecting income therefrom, and turning the entire amount thereof, less expenses, to an organization which is itself exempt from the imposition of an income tax under title 1 of the Revenue Act of 1932 (section 1 et seq., 47 Stat. 173). Sun-Herald Corporation v. Duggan (C.C.A.) 73 F.(2d) 298. The charter of the taxpayer granted by the New Hampshire Legislature discloses on its face that the water works company was organized for the purpose of bringing water into the village of Hanover to be sold for domestic use, for the prevention of fires, and for other purposes, and the evidence shows that it has brought water into the village of Hanover and sold it for such uses to some 500 families in the town, to the village precinct for the prevention of fires, and to Dartmouth College. It is apparent that, on such a state of facts, it cannot be said that the Hanover Water Works Company was organized for the exclusive purpose of holding title to property and collecting income therefrom. The powers granted by its charter and the acts done under them disclose that it was authorized to engage and engaged in business activities like any domestic business corporation operating a water works plant for profit. It surely was not organized for the exclusive purpose of holding title to property and in fact it did not limit its activities to such purpose.

The charter also conferred upon the plaintiff all the powers and subjected it to all the liabilities of corporations of a similar nature, that is, business organizations engaged in distributing and selling water to the public, which are not organized exclusively for the purpose of holding title to property, but for the purpose of actively engaging in a business enterprise for profit.

Furthermore the taxpayer corporation does not fall within the provisions of the exemption statute (section 103(14) for it was not organized for the purpose of collecting and paying over its entire income, less expenses, to an organization exempt from paying an income tax, and in fact did not pay over its entire income, less expenses; but from year to year retained a part of its income and built up a substantial reserve fund.

Without saying more, we think the court below was in error in holding that the water works company was exempt from the tax.

The judgment of the District Court is vacated, and judgment is entered for the defendant, with costs in both courts.