## ROCHE'S BEACH, Inc., v. COMMISSIONER OF INTERNAL REVENUE.
### No. 165.

Circuit Court of Appeals, Second Circuit.
May 9, 1938.

Davies, Auerbach & Cornell, of New York City (Jacob Mertens, Jr., Orrin G. Judd, and Emelyn L. Mackenzie, all of New York City, of counsel), for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and John J. Pringle, Jr., Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

The sole question presented for decision is whether Roche's Beach, Inc., a corporation formed under the Stock Corporation Law of New York, Consol.Laws N.Y. c. 59, was exempt from taxation upon its income for the year 1931 by virtue of section 103 of the Revenue Act of 1928, 26 U.S.C.A. § 103 and note. The corporation was organized by Edward Roche shortly before his death for the purpose of being the medium through which a charitable foundation created by his will could operate his property and collect the income therefrom after his death. The property conveyed to it in exchange for all of its stock, other than three shares issued to the incorporators for cash, consisted of real estate facing on the Atlantic Ocean near Far Rockaway, Queens county, N. Y., the equipment of the bathing beach business operated thereon by Mr. Roche, and a claim against the city of New York for compensation for property taken by condemnation. The upland portion of the

tract was improved with six houses, a garage, and an unused hotel which had been partially destroyed by fire. Although the property was deeded to the corporation on August 26, 1930, the day on which Mr. Roche executed his will, his intention was to continue to operate the property so long as he should live; and he did so, receiving all the income therefrom until his death. This occurred December 28, 1930. By his will the residue of his estate, including the capital stock of Roche's Beach, Inc., was bequeathed to testamentary trustees for the purpose of establishing a fund for the relief of destitute women and children, to be known as "The Edward and Ellen Roche Relief Foundation" and to be administered by the trustees. After his death the trustees operated the property through the medium of the corporation, which turned over any excess of income over expenses to the foundation for the charitable purposes outlined in the will. In the year 1931 the gross income of the corporation was $99,947 and its net income $23,243. Its income was derived from bathhouse, suit and towel rentals; concessions given out for restaurants and refreshments; rent from a portion of the beach occupied by a club; and rentals of the houses and garage. The corporation filed an income tax return for 1931 and paid the indicated tax. Thereafter it duly filed a claim for refund on the ground that it was exempt from taxation. The Commissioner denied the claim for refund and assessed an additional tax. The Board of Tax Appeals sustained the Commissioner's ruling that the petitioner was not entitled to exemption.

It is conceded that the Relief Foundation, for whose purposes the stock of the petitioner was bequeathed to his testamentary trustees, is a charitable organization exempt from income taxation; that the testator organized the petitioner to be the medium through which this foundation could operate his real estate and bathing beach business after his death; and that the net income collected by the petitioner has been devoted to the purposes of the foundation. Exemption from taxation of income is claimed by virtue of subdivisions 6 and 14 of section 103 of the Revenue Act of 1928, 45 Stat. 813, 814, 26 U.S.C.A. § 103(6) note, (14) and note, which read as follows:

"(6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder. or individual; * * *

"(14) Corporations organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses, to an organization which itself is exempt from the tax imposed by this title [chapter]."

The Board of Tax Appeals held that the corporation was not within either subdivision because its certificate of incorporation gave it broad powers related to carrying on various kinds of business and said nothing of the charitable purposes which it was to serve.

In our opinion the petitioner cannot bring itself within section 103(14), 26 U.S. C.A. § 103(14) and note, as a corporation "organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses," to an exempt organization. Assuming that the charitable purpose for which it was organized may be found from evidence outside the corporate charter, the purpose of creating the petitioner was broader than merely to have it hold title to property and collect income therefrom. It was to operate the testator's bathing beach business, as well as to collect rentals from the houses and garage. Even if the latter was within subdivision 14, we do not think the operation of the bathing beach can be so held. This business was quite extensive. There were 3,000 bath houses to be let to transient bathers; 34 employees were engaged during the summer; as many as 6,000 persons might patronize the beach on pleasant days; suits and towels were rented; caps, belts and shoes were sold; and restaurant, soda and candy concessions were given out. In 1931 income from the beach property, exclusive of rentals from the other real estate, was more than $85,000, and expenses, omitting taxes, ran to nearly $40,-000. To call the operation of a business of these proportions merely "holding the title" and "collecting income therefrom" would be a forced construction of the language of the statute. Gagne v. Hanover Water Works Co., 1 Cir., 92 F.2d 659, is directly in point as to the nonavailability of the exemption of section 103(14). That

case involved a water company, whose capital stock was owned by a college and a village, both of which were exempt from income tax. In denying exemption to the water company, the court said (92 F.2d 659, at page 661): "The powers granted by its charter and the acts done under them disclose that it was authorized to engage and engaged in business activities like any domestic business corporation operating a water works plant for profit. It surely was not organized for the exclusive purpose of holding title to property and in fact it did not limit its activities to such purpose."

To gain exemption under subdivision 6 of section 103, 26 U.S.C.A. § 103(6) note, the petitioner must be a corporation "organized and operated exclusively for * * * charitable * * * purposes * * * no part of the net earnings of which inures to the benefit of any private shareholder 'or individual." This does not mean that to come within the exemption a corporation may not conduct business activities for profit. The destination of the income is more significant than its source. See Trinidad v. Sagrada Orden, 263 U.S. 578, 44 S.Ct. 204, 68 L.Ed. 458; Sand Springs Home v. Commissioner, 6 B.T.A. 198, 214; Appeal of Unity School of Christianity, 4 B.T.A. 61. In the case at bar counsel for the Commissioner conceded during the trial that the petitioner turned over all the proceeds of its activities to the charitable foundation established by Edward Roche's will. The Board made a finding that Roche organized the corporation for the purpose of being the medium through which this foundation could operate the property and collect income after his death. His will referred to the corporation and made manifest that the income produced by it could not be used for other than charitable purposes without a perversion of the testamentary trust. Cf. Leubuscher v. Commissioner, 2 Cir., 54 F.2d 998, 1000. As a question of fact, it seems clear that the corporation was organized and operated exclusively for charitable purposes; and the Board made no finding to the contrary. It denied exemption on the theory that the stated purposes for which a corporation is organized must be found in its charter. We think this is too narrow a view. Appeal of Unity School of Christianity, 4 B.T.A. 61, is in point. There a corporation was organized under the business corporation law of Missouri and, so far as its charter indicated, its operations might be conducted for private gain. Extrinsic evidence showed that the actual purpose of organizing the corporation was religious and educational despite the adverse implication arising from the statute under which it was incorporated; and this was held enough to entitle it to exemption. The commissioner acquiesced in this decision. See C.B. VI–1, p. 6. No decision to the contrary has been called to our attention. It is true that this court intimated an opposite view in Sun-Herald Corporation v. Duggan, 73 F.2d 298, where we said that "organized" meant "incorporated," and we referred to several rulings of the Commissioner of Internal Revenue to the effect that the right of a corporation to an exemption is to be determined by the powers given it in its charter. The decision in the Duggan Case was correct, for the real issue was whether a subsequently formed purpose to hold the property of a business corporation for an exempt institution to which all its stock had been given entitled it to exemption under section 103(14); but the dicta on the meaning of the word "organized" are broader than we care to adhere to. Cf. Leubuscher v. Commissioner, 2 Cir., 54 F.2d 998; Commissioner v. Berkeley Hall School, 9 Cir., 84 F.2d 539. Nor have the rulings of the Commissioner been uniformly in accord with those cited in the Duggan opinion. In I.T.1914, C.B. III–1, p. 287, it was ruled that a livestock cooperative marketing association having power under its articles of incorporation to engage in business for profit could show by evidence aliunde the true purpose of its organization. See; also, A.R.R. 218, C.B. 3, p. 238; I.T. 2325, C.B. V–2, p. 63.

In our opinion the petitioner is entitled to exemption under section 103(6) unless it must be held that this subdivision applies only to a corporation which directly dispenses charity and excludes one which merely produces income for a charity administered by another tax exempt organization. This precise question has not been argued by the parties, but it is necessarily suggested by the contrast between subdivisions 6 and 14 and must be determined to decide the meaning to be ascribed to the phrase "organized and operated exclusively for charitable pur-

poses." Since subdivision 14 relates to corporations which feed a tax exempt organization, the implication might arise that no "feeding" corporation except those there described was intended to be granted exemption. If so, then subdivision 6 must be confined to corporations which themselves perform religious, charitable, scientific, literary, or educational functions. But we do not think the implication should be pressed so far. Exemptions of income devoted to charity are begotten from motives of public policy and are not to be narrowly construed. Helvering v. Bliss, 293 U.S. 144, 150, 55 S.Ct. 17, 79 L.Ed. 246, 97 A.L.R. 207; Harrison v. Barker Annuity Fund, 7 Cir., 90 F.2d 286, 288; Cochran v. Commissioner, 4 Cir., 78 F.2d 176, 179; Produce Exchange Stock Clearing Ass'n v. Helvering, 2 Cir., 71 F.2d 142, 143. Subdivision 14 relates to corporations which hold title and collect income for any tax exempt organization, and such organizations include many which are not embraced within subdivision 6. Hence, the fact that subdivision 14, as we have construed it, does not include corporations which operate a business, should not lead to the conclusion that subdivision 6, which does refer to operating corporations, includes only those which directly dispense their funds for the limited purposes there stated. No reason is apparent to us why Congress should wish to deny exemption to a corporation organized and operated exclusively to feed a charitable purpose when it undoubtedly grants it if the corporation itself administers the charity. We think the language is adequate to describe both types. This view was expressed by the Income Tax Unit of the Bureau as reported in I.T. 1945, C.B. III–1, p. 273: "A corporation formed to dispense charity which does not actually engage in charitable undertakings itself but distributes its income to institutions organized and operated exclusively for the purposes named in subdivision (6) of section 231 is exempt from taxation under said section. Office Decision 872, C.B. 4, 264, rescinded in so far as inconsistent herewith." Section 103(6) of the Revenue Act of 1928, 45 Stat. 813, 26 U.S.C.A. § 103 (6) note, is practically identical with section 231(6) of the Act of 1921, 42 Stat. 253.

For the foregoing reasons we believe the petitioner was entitled to exemption and the order of the Board should be, and is, reversed.

L. HAND, Circuit Judge (dissenting).

It is possible that, if subdivision 14 had not been added to section 103, 26 U. S.C.A. § 103(14) and note, we ought to have read subdivision 6, 26 U.S.C.A. § 103(6) note, to comprise companies all of whose profits go to one of the purposes therein described, although Trinidad v. Sagrada Orden, 263 U.S. 578, 44 S.Ct. 204, 68 L.Ed. 458, gives no color to such an interpretation; rather the reverse, for the business income of the taxpayer was there very trifling. It might nevertheless have been possible to say that as subdivision 6 defined exemption by function, and the other subdivisions by the common names of the corporations, a difference of intent was manifest, though I should not have thought so, because the description by function related, I think, to the corporate activities. But subdivision 14 precludes any such reading. Obviously, as to all other subdivisions it meant that a subsidiary should not be exempted merely because its parent was exempt; that was indeed one condition, but the subsidiary must also confine its activities to the mere receipt of income. We are now holding that the subsidiary of a company exempt under subdivision 6 need not fulfill this second condition, but is ex proprio vigore as much within subdivision 6 as its parent. It might be desirable to prefer corporations within subdivision 6 in that way, but I cannot find any warrant for doing so. The purpose of subdivision 14 was to tax all business income, however destined, unless the company was really not in business at all. To some extent it is indeed true that that purpose can be evaded; an exempt corporation may go into business not strictly germain to its charter powers without losing its exemption. But there are several checks upon this possibility; first, the business must be small, if the corporation is to retain its classification under its appropriate subdivision; second, in many cases it will wince at exposing its funds to the hazards of business; third, its charter will often forbid such excursions. But I believe that when, however actuated, an exempt parent does resort to a business subsidiary, any income so obtained becomes taxable. For these reasons I think that the Board was right.