**HOME OIL MILL et al. v. WILLINGHAM, Collector of Internal Revenue et al.**

Civ. No. 5897.

United States District Court
S. D. Alabama, N. D.

Feb. 24, 1949.

Chas. H. Eyster, Decatur, Alabama, for plaintiff.

John D. Hill, U. S. Atty., and William L. Hogue, Asst. U. S. Atty., Birmingham, Ala., for defendants.

LYNNE, District Judge.

This cause, coming on to be heard, was tried to the court, without the intervention of a jury, on the 23rd day of February, 1949. Upon consideration of the evidence and of the arguments of counsel, the following memorandum opinion, which will be taken and considered as the findings of fact and conclusions of law, is herewith entered herein:

Memorandum Opinion

The court finds the facts as stipulated by the parties in their written stipulation of facts filed in this action on February 23, 1949.

The court further finds that neither in the organization nor in the operation of plaintiff, Home Oil Mill, was the motive of tax evasion even remotely involved. No contention was urged upon this court in behalf of defendants that as a result of its tax exempt status the above named plaintiff occupied a favored position among its competitors in the matter of price differentials.

Concisely stated, the defendants contended that plaintiff corporation was not organized and operated exclusively for chari-

table, scientific, or educational purposes but rather that it operated during the tax years involved a competitive, commercial business, from which all its income was derived.

Heretofore, on July 26, 1945, in an action between these same parties involving the immediately preceding taxable year, this court rejected that same contention by defendants.[1]

Upon the basis of the findings of fact and conclusions of law, with particular reference to paragraphs four and five of the conclusions of law contained in such decision, plaintiff, Home Oil Mill, now invokes the doctrine of collateral estoppel.

Since I am strongly persuaded to follow the majority opinion in the Roche's Beach case,[2] I put to one side the question of collateral estoppel by judgment, though I recognize its palpable application to the factual and legal situation obtaining here.[3]

It is apparent, indeed it is conceded by the defendants, that if the majority opinion in the Roche's Beach case, supra, is sound, the income of plaintiff, Home Oil Mill, was exempt from the payment of income tax on its earnings for the respective tax years commencing August 1, 1942, and August 1, 1943, under the provisions of Title 26 U.S. C.A. § 101(6).

While the Bureau of Internal Revenue of the Treasury Department no longer acquiesces in the validity of the opinion in the Roche's Beach case,[4] it is highly significant that no court of equal authority has disputed it. A careful search has failed to disclose any bill introduced in any intervening session of the Congress to modify or change the effect of the rule therein announced. While the language of the Supreme Court in construing the similar provisions of Title 42 U.S.C.A. § 1011(b) (8),[5] strikes me as being "a straw in the wind," I cannot afford to guess at what the attitude of that court might be with the clear facts of this case before it.

This court is not assuming an ostrich-like attitude and ignoring the probability that the exemption section with which it is here concerned is being grossly abused. Imaginary situations, in which the perversion of this exemption, enacted by a Congress with benevolent public purposes in mind, would result in unconscionable advantages to the selfish taxpayer, readily suggest themselves. It seems to me, however, that the problems of both real and fancied abuses of the provisions of this exemption address themselves exclusively to the remedies of legislation. It was never supposed that judicial construction could or should perform an identical function.

The defendants urge upon me that no corporation which conducts business activities for profit may claim the exemption under sub-section (6) of Section 101, 26 U.S. C.A. The Roche's Beach case holds directly to the contrary. The defendants ask me to resolve the doubt as to the construction of this statute against the charitable exemption and in favor of the taxing power. This I cannot do. I shall follow Roche's Beach and adhere to my former opinion. Judgment for the plaintiff, Home Oil Mill, will be entered in accordance herewith, and the action will stand dismissed as to the remaining parties plaintiff.

### Judgment

It is, therefore, Ordered, Adjudged and Decreed by the court that the plaintiff, Home Oil Mill, a corporation, have and recover of and from the defendants the sum of $39,660.99, together with legal interest thereon as provided by law, for which judgment an execution may issue.

It is further Ordered, Adjudged and Decreed by the court that this action be and the same is hereby dismissed as to the remaining plaintiffs.

No costs of court are taxed as a part of this judgment.

---

1. Home Oil Mill v. Willingham, D.C., 68 F.Supp. 525.

2. Roche's Beach, Inc., v. Commissioner of Internal Revenue, 2 Cir., 96 F.2d 776.

3. Cf. Commissioner v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898.

4. GCM 23063, 1942-1 CB 103.

5. Better Business Bureau v. United States, 326 U.S. 279, 66 S.Ct. 112, 90 L.Ed. 67.