### SEBASTIAN–LATHE CO. v. JOHNSON.

United States District Court
S. D. New York.
Nov. 29, 1952.

Judd & Gurfein, New York City, for plaintiff, Orrin G. Judd and Earle K. Moore, New York City, of counsel.

Myles J. Lane, U. S. Atty. for the Southern Dist. of New York, New York City, for defendant, John M. Cunneen and Amos E. Bowman, Asst. U. S. Attys., New York City, of counsel.

DIMOCK, District Judge.

Plaintiff seeks refund of $2,080.50 capital stock tax paid for the year beginning July 1, 1944. The claim is based on plaintiff's asserted rights under the statutory exemption of charitable corporations.

The whole of the capital stock tax is due if, in any portion of the year beginning July 1, 1944 and ending June 30, 1945, plaintiff was not exempt from tax. Old Section 1200, I.R.C., 53 Stat. 169, 26 U.S.C.A. §§ 1200–1207 note. See Reg. 64, Sections 137.10(j), 137.30. Plaintiff was originally incorporated and operated for the private gain of its stockholders. Its certificate of incorporation did not set forth any charitable activities among its purposes and powers until December 6, 1944, well after the beginning of the tax year, when it was amended so as to direct the setting aside of plaintiff's income for institutions organized and operated within the United States exclusively for charitable, scientific or educational purposes. Thus, if the exemption was not created until the certificate was amended, it came too late to avert the incidence of the tax for the year beginning

July 1, 1944. Plaintiff claims, however, that the transfer of all of its stock to the trustees of a charitable trust known as Baird Fund which occurred prior to the beginning of the tax year on July 1, 1944, qualified it as an exempt corporation in time to give it immunity for that year.

That claim would obviously be groundless if nothing short of an amendment of plaintiff's certificate of incorporation would, under the applicable law, confer upon it an exempt status. If an amendment was necessary plaintiff did not attain exemption in time and cannot recover the capital stock tax paid.

The statute under which exemption is claimed is Section 101(6) of the Internal Revenue Code, 26 U.S.C.A. § 101(6), made applicable to the capital stock tax by old Section 1201 of the Internal Revenue Code, 53 Stat. 169. It exempts "Corporations * * * organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * * no part of the net earnings of which inures to the benefit of any private shareholder or individual * * *."

In view of the ownership of plaintiff's stock by the trustees of a charitable trust and other circumstances of the case I am convinced that plaintiff was "operated" exclusively for charitable purposes for the whole of the tax year, but was it, within the meaning of the statute, "organized" for those purposes prior to the beginning of that year?

■ Congress used the word "organized" in addition to the word "operated". The courts have been unwilling to treat this as meaningless tautology. The word "operated" refers to the actual activities of a corporation and the word "organized" refers to its corporate structure. A corporation which is confined to charitable activities by its certificate of incorporation is obviously "organized" for charitable purposes. Likewise, a corporation which is confined to charitable activities by an amendment to its certificate of incorporation is, from the date of the amendment, "organized" for charitable purposes. Willingham v. Home Oil Mill, 5 Cir., 1950, 181 F.2d 9. It cannot be said, however, that a corporation which is confined to charitable activities solely because its stock has been transferred to the trustees of a charitable trust is, from the date of the transfer, "organized" for charitable purposes.

It is true that the court in Roche's Beach, Inc., v. Commissioner, 2 Cir., 1938, 96 F.2d 776, held that a business corporation whose certificate of incorporation contained no hint of charitable purposes was nevertheless both "operated" and "organized" for such purposes during the period when its stock was held by the trustees of a charitable trust. In that case, however, the incorporators at the time when they organized the corporation did so because they wanted to use it for charitable purposes. In that sense it was "organized" for charitable purposes. That this was the basis of the decision appears clearly from the part of the Roche's Beach opinion which supported the result, though not the language, of Sun-Herald Corporation v. Duggan, 2 Cir., 1934, 73 F.2d 298. In that case a business corporation had been denied exemption although, prior to the taxable year, all of its stock had been transferred from private ownership to a charitable organization. In explaining this denial Judge Swan, in the Roche's Beach case, said, 96 F.2d at page 778, "The decision in the Duggan Case was correct, for the real issue was whether a *subsequently formed* purpose to hold the property of a business corporation for an exempt institution to which all its stock had been given entitled it to exemption under section 103(14); but the dicta on the meaning of the word 'organized' are broader than we care to adhere to." (Emphasis supplied.)

■ Since we have here, as in the Duggan case, an incorporation for private purposes and a "subsequently formed purpose to hold the property of a business corporation for an exempt institution to which all its stock had been given" the plaintiff was not "organized" for charitable purposes prior to the amendment of its certificate of incorporation and was not entitled to exemption for the year beginning July 1, 1944.

In Faulkner v. Commissioner, 1 Cir., 1940, 112 F.2d 987, cited by plaintiff, where "a subsequently formed" charitable purpose was given exempting effect although the constitution remained unamended, the court emphasized the fact that it was dealing with an informal unincorporated association.

The complaint must be dismissed.

The several requests of plaintiff and defendant for findings of fact and conclusions of law have been disposed of as indicated by notations in the margin of the requests. I deem further findings and conclusions unnecessary.