**YOUNG MEN'S CHRISTIAN ASSOCIATION of the City of Washington, a corporation, Plaintiff,**

**v.**

**DISTRICT OF COLUMBIA, a municipal corporation, Defendant.**

**Civ. No. 1468.**

United States District Court
District of Columbia.

Dec. 21, 1953.

Albert F. Adams, Washington, D. C., of counsel. Ford, Bergson, Adams, Borkland & Redstone, Washington, D. C., for plaintiff.

Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, George C. Updegraff, Henry E. Wixon, Asst. Corp. Counsel, Washington, D. C., for defendant.

McLAUGHLIN, District Judge.

Plaintiff was incorporated in 1864 for the promotion of religious, moral, educational and benevolent purposes. It brings this action to recover from Defendant the sum of $4,110.45, which sum was paid by Plaintiff to redeem

Lot 809, Square 169 in the District of Columbia from sale for non-payment of real estate taxes assessed against said property for the fiscal year 1943, commencing July 1, 1942 and ending June 30, 1943.

At the beginning of the above fiscal year an eleven story building was in process of erection on the above described property. When the building was completed two floors thereof were rented to and occupied by a commercial airline company. These two floors were not used for any activity of plaintiff. One of the remaining floors was occupied by the Plaintiff in the operation of a "health service" to members of the Plaintiff organization. The remaining eight floors were rented as living rooms, much in the manner in which hotel rooms are rented, but the occupancy was restricted to members, or to persons applying for membership on registration at the office desk. A per diem installment upon the charge for membership was included in the amount paid for the rental of each room occupied by a person so applying for membership so long as the room was occupied by the person so applying and, if the occupant remained a sufficient period of time, until the charge for membership was paid in full.

The Plaintiff relies on the provisions of Private Law 1026, 81st Congress, 2nd Session, enacted September 27, 1950, 64 Stat. A250, which, by its terms, relieved the Plaintiff Association "from any accrued liability to the United States or the District of Columbia for taxes imposed upon any of the property of such association located in the District of Columbia for any tax period during which such property was occupied and used by such association for it's legitimate purposes."

Defendant contends, firstly, that any tax exemption to Plaintiff's property is to be determined on the basis of the physical status of the building at the beginning of the fiscal year during which the tax is assessed, and that since the building was in process of construction on the determinative date, which was July 1, 1942, it was not then being occupied and used by Plaintiff for it's "legitimate purposes" as contemplated by the controlling statute and, consequently, that the tax exemption afforded under the above Act is not applicable to said property of Plaintiff.

Defendant further contends, secondly, that the Act, if applicable, affords no exemption to Plaintiff because the building when completed was not occupied and used by Plaintiff for it's "legitimate purposes" since two floors thereof were rented to a commercial airline for company use for office purposes by said company, another floor was used by the Plaintiff Association for the operation of a "health service", and the remaining eight floors were used by Plaintiff, for all practical purposes, for the identical purposes for which a transient hotel is used.

Thirdly, Defendant contends that the legislative Act relied on by the Plaintiff does not support Plaintiff's claim for recovery. Defendant takes the position that the payment of a sum for the redemption of the subject property from sale for taxes cannot constitute a basis for recovery under a statute which relieves Plaintiff from accrued liability to Defendant for taxes imposed on the property.

Defendant has diligently supported it's two first contentions with numerous authorities which it claims are applicable directly and by analogy, all of which authorities the Court has fully considered.

█ As to the first contention the Court feels that the ruling of Judge Goldsborough in passing on Defendant's motion to dismiss is applicable and determinative. In support of said motion Defendant had made the contention that the property was not actually used for Plaintiff's purposes on the tax date involved. Judge Goldsborough held as follows:

"This Court feels that if the building had been used and was intended to have been used at the beginning of its construction entirely for

YMCA purposes it [the contention] should have no standing in court * * * I do not think there is anything in this contention insofar as the fact that the building was in construction, if it was in construction for YMCA purposes." (Tr. p. 5.) In the circumstances, the Court holds that if the building was intended to be used for YMCA purposes, the portion of said building so intended to be used was actually used in the work of the YMCA at the time of the assessment.

■ Considering the entire record the Court finds and holds as to Defendant's second contention, that the building when completed, taking into account the uses to which the building was put in conjunction with the Association's broad program of activity, was used for the legitimate purposes of the Association within the meaning of the statute. This finding and holding, however, applies only to the nine floors occupied as sleeping rooms and for "health service" purposes, and not to the two floors rented for office use by a commercial airline company.

In support of its third contention Defendant urges that money paid for the purpose of redeeming property from sale for taxes does not constitute "taxes imposed", within the meaning of the Act, from the "accrued liability" for which the Plaintiff was exempted by the Act. Defendant urges, additionally, that if money so paid for redemption from sale is held to constitute "taxes imposed" within the purview of the Act, Plaintiff still may not recover because the legislative intention of Congress was not to exempt the Plaintiff from the payment of taxes so as to entitle Plaintiff to recover back taxes paid, from the payment of which taxes Plaintiff, by the terms of the Act was exempted, but rather that said legislative intention was only to exempt Plaintiff from the payment of taxes, which as a result of a confusion in Corporate titles between two YMCA's in the District of Columbia, Plaintiff had never paid, but for the payment of which, legally, Plaintiff was liable.

■■ Despite the references to excerpts from statements made during the course of the debate in the House of Representatives on the Act in question by the Chairman of the District of Columbia Committee in charge of the bill that "all the bill does is to exempt the YMCA from paying taxes in the District of Columbia which they have never paid", the Court feels constrained to construe the bill in such a way as to effectuate its purpose as stated in the measure which is to relieve the YMCA "from any accrued liability to * * * the District of Columbia for taxes imposed upon any of the property of such association located in the District of Columbia for any tax period during which such property was occupied and used by such association for it's legitimate purposes." Statutes providing for exemptions from taxation of educational or benevolent organizations or similar organizations, unlike other tax exemption statutes, are to be construed liberally. Helvering v. Bliss, 293 U.S. 144, 55 S.Ct. 17, 79 L.Ed. 246; Faulkner v. Commissioner, 1 Cir., 112 F. 2d 987; United States v. Proprietors of Social Law Library, 1 Cir., 102 F.2d 481; Cochran v. Commissioner, 4 Cir., 78 F.2d 176; Roche's Beach, Inc. v. Commissioner, 2 Cir., 96 F.2d 776; Bohemian Gymnastic Ass'n v. Higgins, 2 Cir., 147 F.2d 774, 777, and cases cited therein.

■■ Under the rule of construction thus imposed, the Court construes Private Law 1026, 81st Congress, 2nd Session, the Act of September 27, 1950, as having the effect of relieving Plaintiff from taxation on the property in question for the period involved on so much of said property as was used by Plaintiff for it's legitimate purposes. The Court further interprets the Act as including within the terms "accrued liability * * * for taxes imposed" any moneys paid by the Plaintiff Association for the redemption of it's property, used for it's legitimate purposes, from sale for non-payment of taxes thereon. The Court finds and holds that nine-elevenths of said property was used by the Plaintiff Association for it's legitimate purposes during the period

of time involved herein; that said nine-elevenths of Plaintiff's property was exempt from taxation for said period and that Plaintiff is entitled to recover from the Defendant the amount so paid by Plaintiff to redeem said property, so exempted, from sale for non-payment of taxes.

Plaintiff, therefore, shall have and receive judgment against Defendant for an amount equal to nine-elevenths of the sum of $4110.45, representing taxes in the amount of $3,314.72, interest in the amount of $795.53 and recording charge of twenty cents, together with interest on said nine-elevenths of said sum of $4110.45 from December 16, 1947 and costs of this action.

Counsel for Plaintiff will prepare Findings of Fact, Conclusions of Law and Order consistent with this Memorandum Opinion.