ESTATE OF LOUISE V. SIMPSON, JOHN F. D. ROHRBACH, ET AL., EXECUTORS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1515.   Promulgated October 30, 1943.

*W. R. Murrin, Esq.,* for the respondent.

OPINION.

ARUNDELL, *Judge*: Petitioner challenges the Commissioner's determination of a $594.00 deficiency in gift tax for the calendar year 1940. The donor was Louise V. Simpson, who made a gift of $10,000

on December 10, 1940, to the Unquowa Foundation, Inc., herein called the Foundation. The donor died on December 28, 1940, and the present proceeding was instituted by one of the executors of her estate. A gift tax return for 1940 was filed in behalf of decedent with the collector for the district of Connecticut, upon which the gift of $10,000 to the Foundation was reported as a charitable, public, or similar gift. The Commissioner determined the disputed deficiency upon the ground that the amount of the gift to the Foundation was not deductible for gift tax purposes as a gift to one of the types of organizations listed in section 1004 (a) (2) (B) of the Internal Revenue Code.[1]

The Foundation is a nonstock organization organized in 1926 under the laws of Connecticut relating to nonstock corporations. The articles of association state that it was organized for "the advancement of the primary and secondary education, in Bridgeport, Connecticut, and/or its vicinity, of children of both sexes, the present purpose of this corporation being to assist and cooperate with the Unquowa School now located in Fairfield, Connecticut, and the organizations connected with said school." The subscribers and other members were declared to constitute a board of trustees, with general power to manage the property and affairs of the corporation, to receive gifts in its behalf, and to use the same or the proceeds thereof "in such manner as said board of trustees shall deem proper to carry out the purposes of this corporation." It was also provided that, when the corporation could no longer carry out the purposes for which it was organized, the board of trustees should have power to turn over its assets to any organization which in its opinion should further the purposes for which the corporation was organized. The articles of association were amended in June 1932, there being added thereto a provision that no officer, member, or employee of the corporation should receive any pecuniary benefit from its operations, except reasonable compensation for services in effecting one or more of its purposes or as a proper beneficiary of its strictly charitable purposes. The purpose clause in the articles was amended to read that the purposes are exclusively the advancement of primary and sec-

---

[1] SEC. 1004. DEDUCTIONS.

\* \* \* \* \* \* \*

In computing net gifts for the calendar year 1940 and subsequent calendar years, there shall be allowed as deductions :

(a) RESIDENTS.—\* \* \*

\* \* \* \* \* \* \*

(2) CHARITABLE, ETC., GIFTS.—The amount of all gifts made during such year to or for the use of—

\* \* \* \* \* \* \*

(B) a corporation, or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals ; no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation.

ondary education of children of both sexes, "with especial reference at present to assisting and cooperating with Unquowa School * * * and the educational, literary and historical organizations connected with said School."

The only activity of the Foundation was the renting of its property to and the collection of rent from the Unquowa School Association, which was a nonprofit association organized under the laws of Connecticut for the purpose of establishing and conducting a school for boys and girls.

The above are the only facts that have been formally stipulated by the parties. They leave much to be desired, for many of the facts that ordinarily must be shown to sustain the exempt character of an organization are lacking. This is not a case, however, to be decided upon a failure of proof, having been submitted, as it was, upon a stipulation of facts. A very specific issue was intended to be submitted by the parties. This was made clear by respondent's counsel at the time the case was submitted and upon brief. In the course of his opening statement he conceded that no part of the income of the Foundation is paid to any private stockholder. He further stated that the Foundation rents its property to the School Association at cost and apparently has no profits; that all it does is pay salaries. On brief the Commissioner concedes that the Foundation was *organized* for educational purposes. He also concedes in effect, even if this can not be drawn from the meager stipulation, that the School Association is an exempt organization for the purpose of determining the deductibility of gifts.

This brings us to the Commissioner's only contention, which poses the specific issue that we are asked to decide in this proceeding: that the Foundation is not *operated* for educational purposes since it "is not itself operated as an educational corporation * * *." By this we take the Commissioner's position to be that a company is not operated for educational purposes if it merely owns property and furnishes it at cost to an admittedly educational organization; in other words, that a company must carry on some activity commonly recognized as being of an educational nature, such as the hiring of teachers, holding classes, arranging and sponsoring lectures, etc.

We think there is no such requirement in the statute. The deduction allowed by section 1004 (a) (2) (B) is not of gifts made to an "educational corporation," to use respondent's language. The Code speaks only of organizations operated for "educational purposes." An organization that acquires facilities and rents them at cost or furnishes them free of charge to a school is furthering education, in our view, as well as the agency that supervises the course of instruction.

Respondent's argument has been answered in principle by the Second Circuit Court of Appeals in *Roche's Beach, Inc.* v. *Commissioner*, 96 Fed. (2d) 776, where the taxpayer was engaged in business with the general public but turned over its income to a charitable organization. The court said:

In our opinion the petitioner is entitled to exemption under section 103 (6) [Revenue. Act of 1928] unless it must be held that this subdivision applies only to a corporation which directly dispenses charity and excludes one which merely produces income for a charity administered by another tax exempt organization. * * * No reason is apparent to us why Congress should wish to deny exemption to a corporation organized and operated exclusively to feed a charitable purpose when it undoubtedly grants it if the corporation itself administers the charity. We think the language is adequate to describe both types. This view was expressed by the Income Tax Unit of the Bureau as reported in I. T. 1945, C. B. III-1, p. 273: "A corporation formed to dispense charity which does not actually engage in charitable undertakings itself but distributes its income to institutions organized and operated exclusively for the purposes named in subdivision (6) of section 231 is exempt from taxation under said section. * * *"

Until a recent date the Government accepted the rule laid down in the quoted case. It followed it in G. C. M. 20853, C. B. 1938-2, p. 166, holding that an association which held title to and operated a cemetery for the benefit of several religious organizations was itself entitled to exemption under section 101 (6) of the Revenue Act of 1936. Though the position has now been taken that *Roche's Beach, Inc.* v. *Commissioner, supra*, is no longer to be followed by the Bureau, G. C. M. 23063, C. B. 1942-1, p. 103, we have quoted it with approval, see *West Side Tennis Club*, 39 B. T. A. 149, 156; affd., 111 Fed. (2) 6; certiorari denied, 311 U. S. 674; *American Society of Cinematographers, Inc.*, 42 B. T. A. 675, 680, and think it furnishes the proper answer to the case at bar.

To paraphrase the language of the Second Circuit's opinion with respect to the instant facts, we can see no reason why Congress should wish to deny a deduction for a gift to a corporation operated exclusively to "feed" or serve an educational purpose when the deduction undoubtedly would be permissible if the corporation actually administered or "dispensed" the education. The Foundation meets all the other tests of the Code. No part of its earnings inures to the benefit of private shareholders or individuals, it is not engaged in propaganda or the influencing of legislation, and it was organized for educational purposes. We hold that it has also been operated exclusively for educational purposes.

It follows that the gift in question is deductible under the provisions of section 1004 (a) (2) (B) of the Internal Revenue Code.

*Decision will be entered for the petitioner.*