**WILLINGHAM, Collector of Internal Revenue, et al. v. HOME OIL MILL et al.**

No. 12887.

United States Court of Appeals
Fifth Circuit.

April 7, 1950.

Harry Baum, Ellis N. Slack, Special Assistants to Attorney General, Theron L. Caudle, Assistant Attorney General, John D. Hill, United States Attorney, Birmingham, Ala., for appellants.

Chas. H. Eyster, William Bibb Eyster, Decatur, Ala., for appellees.

Before HOLMES, McCORD and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This appeal involves income taxes for the fiscal years ending July 31, 1943 and 1944. The taxpayer is the Home Oil Mill, a corporation, which was originally organized and operated for private profit; but, after all of its stock was bequeathed to a trust by the will of a philanthropist, the corporation was reorganized by an amendment to its charter so as to exist and operate forever thereafter solely and exclusively for religious, charitable, and educational purposes, and so that no part of its net earnings would ever inure to the benefit of any private individual. The facts, issues, and parties, in this case, except as to years and amounts, are the same as were involved in Home Oil Mill v. Willingham, D. C., 68 F.Supp. 525, from the judgment in which there was no appeal.

We might put our decision in this case solely upon the doctrine of collateral estoppel, since a determinative issue here

was necessarily decided by implication against the Government in Home Oil Mill v. Willingham, supra; see Tait v. Western Maryland Railway Co., 289 U.S. 620, 624, 53 S.Ct. 706, 77 L.Ed. 1405, 1408. Cf. Sealfon v. United States, 332 U.S. 575, 68 S. Ct. 237, 92 L.Ed. 180; or we might rest our decision solely upon the authority of the majority opinion in Roche's Beach, Inc. v. Commissioner, 2 Cir., 96 F.2d 777, since certiorari was not applied for in that case and several sessions of Congress have passed without any change in the statute. Without doubt, the Roche's Beach decision establishes the right of Home Oil Mill to the refund sought. It would be difficult to frame legislation against the doctrine in Roche's Beach without at the same time changing the law as announced in Trinidad v. Sagrada Orden, 263 U.S. 578, 44 S.Ct. 204, 68 L.Ed. 458, and no one seems to want to do that.

The good faith of the Home Oil Mill's reorganization and its freedom from motives of tax evasion are not questioned. The court below found that neither in the reorganization nor operation of the Mill was the motive of tax evasion even remotely involved. Neither is there any question about the destination of the income of this taxpayer. If it is possible for a religious, charitable, and educational trust to operate an industry through a corporate agency, and be exempt under Section 101(6) of Title 26 U.S.C.A., the appellant is entitled to such exemption. In the first Home Oil Mill case, supra, the court held that since its reorganization the taxpayer has been operated solely and exclusively to produce income for religious, charitable, and educational purposes. In Trinidad v. Sagrada Orden, supra, the Supreme Court held that the destination of income was more important than its source.

The Roche's Beach decision has been followed, or the same principles declared, in the following cases: Bohemian Gymnastic Association Sokol of City of New York v. Higgins, 147 F.2d 774, Second Circuit, decided March 8, 1945; Debs Memorial Radio Fund v. Commissioner, 2 Cir., 148 F.2d 948, 951, decided April 2, 1945, wherein the court said it would "continue to do so until instructed otherwise by final authority". Commissioner v. Orton, 173 F.2d 483, decided March 28, 1949, Sixth Circuit; Home Oil Mill v. Willingham, 68 F.Supp. 525, July 26, 1945, District Court, Alabama, of Fifth Circuit.

As Marshall, C. J., said in the Dartmouth College case, if a civil institution be employed in the administration of the government, it would be a public corporation. So here we have a private corporation employed in the administration of a religious, charitable, and educational trust.

On the ground of equitable estoppel, on the authority of the Trinidad and Roche's Beach cases, and because of the reorganization and legal rebirth of appellee by the amendment of its charter, the judgment appealed from should be affirmed.

Over a period of thirty-six years, with opportunity to change but without changing, the intention of Congress has been to exempt from income tax corporations organized and operated exclusively for the sole purpose of devoting their net earnings to religious, charitable, and educational purposes. If this intention is wrong from a legislative standpoint, the courts should let changes in the law come from the legislative department.

Affirmed.