## C. F. MUELLER CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10266.

United States Court of Appeals
Third Circuit.

Argued Nov. 9, 1950.

Filed June 20, 1951.

Harry J. Rudick, New York City (Mason G. Kassel, New York City, on the brief), for petitioner.

Harry Baum, Washington, D. C. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Special Asst. to the Atty. Gen., on the brief), for respondent.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

This petition for review of the decision of the Tax Court affects the liability of the petitioner, C. F. Mueller Company, for income taxes from August 28 to December 31, 1947. The issue presented is whether petitioner was exempt from income taxes as a corporation organized and operated exclusively for charitable purposes within Section 101(6) [1] of the Internal Revenue Code, 26 U.S.C., 1946 ed. § 101(6). The Tax Court held that it was not, 14 T.C. 922. What we do here with the problem is of little importance for the future, since Congress has entered the area of dispute and declared the rule for the taxable years commencing after December 31, 1950. [2]

The facts are stipulated and set out at length in the Tax Court decision. We reiterate only so much of them as will expose the issue. The petitioner was organized as a Delaware corporation on August

---

1. "§ 101. *Exemptions from tax on corporations.*

"The following organizations shall be exempt from taxation under this chapter—

\*   \*   \*   \*   \*

"(6) Corporations and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation; \* \* \*."

2. § 101 of the Internal Revenue Code, as amended by § 301(b) of the Revenue Act of 1950, 64 Stat. 950; and see §§ 421–423 of the Internal Revenue Code, as added by § 301(a) of the Revenue Act of 1950, 64 Stat. 947, 26 U.S.C. §§ 421–423.

21, 1947, for the purpose of benefitting the School of Law of New York University, an educational institution concededly exempt from income taxation under Section 101 (6). On August 28, 1947, the petitioner acquired, with borrowed funds, all the outstanding stock of C. F. Mueller Company, a taxable New Jersey corporation then engaged in the manufacture and sale of macaroni and allied products. The petitioner caused this stock to be canceled and, pursuant to a merger agreement, the New Jersy corporation was merged into the petitioner.

The petitioner's certificate of incorporation which was included in the merger agreement, recites that the petitioner's purpose is charitable. It provides that the profits and assets available for distribution should be paid only to New York University for the exclusive benefit of the School of Law, and that upon the termination of the petitioner, its assets should only be distributed in like manner after the discharge of debts. The petitioner's total authorized stock consists of ten shares, par value $100 each, the capital having been contributed. All the shares are held by voting trustees under a voting trust agreement dated August 28, 1947, but after a period of ten years the shares are to be transferred to New York University. The certificate of incorporation further provides that no stockholder shall be entitled to dividends at any time, nor to any of petitioner's assets or profits. No right to alter the certificate may be exercised to divert petitioner's income or property, after satisfaction of creditors, from New York University for the exclusive benefit of the School of Law. Finally, no director of petitioner may receive compensation for his services as director.

The Commissioner contends that the petitioner was not organized and operated exclusively for any exempt purpose designated in Section 101(6). The petitioner asserts that it is a charitable corporation fulfilling its charitable purposes by devoting all of its income and property to the New York University School of Law; it rests its claim to exemption on its own charter and purposes rather than on those of New York University.[3]

The decision of the majority of the Tax Court breaks away from the established rationale. Roche's Beach, Inc. v. Commissioner, 2 Cir., 1938, 96 F.2d 776; Willingham v. Home Oil Mill, 5 Cir., 1950, 181 F.2d 9, certiorari denied 340 U.S. 852, 71 S.Ct. 80; cf. Trinidad v. Sagrada Orden De Predicadores, 1924, 263 U.S. 578, 44 S.Ct. 204, 68 L.Ed. 458; Commissioner v. Battle Creek, Inc., 5 Cir., 1942, 126 F.2d 405; Bohemian Gymnastic Ass'n Sokol v. Higgins, 2 Cir., 1945, 147 F.2d 774; Debs Memorial Radio Fund, Inc. v. Commissioner, 2 Cir., 1945, 148 F.2d 948; Commissioner v. Orton, 6 Cir., 1949, 173 F.2d 483; Universal Oil Products Co. v. Campbell, 7 Cir., 1950, 181 F.2d 451, certiorari denied 340 U.S. 850, 71 S.Ct. 78; Unity School of Christianity v. Commissioner, 1926, 4 B.T.A. 61; Sand Springs Home v. Commissioner, 1927, 6 B.T.A. 198; see Estate of Simpson v. Commissioner, 1943, 2 T.C. 963, 966. These cases hold, along with others, that the exclusive purpose required by the statute is met when the only object of the organization involved originally was and continues to be religious, scientific, charitable or educational, without regard to the method of procuring the funds necessary to effectuate the objective.[4]

We agree that the statute lends itself to the result so far achieved, as explained in the Roche's Beach case, since it plainly contemplates that there may exist income otherwise taxable and does not proscribe any particular source of income, nor any particular activity save carrying on propaganda or otherwise attempting to in-

3. Petitioner's reply brief, pp. 2, 4, 7 and 8.

4. The Commissioner, for a considerable period, entertained a similar view: I.T. 1945, III–1, C.B. 273; G.C.M. 19836, 1938–2 C.B. 163; G.C.M 20853, 1938–2 C.B. 166; G.C.M. 21610, 1939–2 C.B. 103; G.C.M. 22116, 1940–2 C.B. 100; and he acquiesced in both Unity School of Christianity v. Commissioner, 1926, 4 B.T.A. 61, and Sand Springs Home v. Commissioner, 1927, 6 B.T.A. 198; but see G.C.M. 23063, 1942–1 C.B. 103.

fluence legislation. Moreover, the authoritative rule of construction applicable in this instance requires the ambiguity of the statute to be resolved against taxation. Helvering v. Bliss, 1934, 293 U.S. 144, 150, 55 S.Ct. 17, 79 L.Ed. 246; Old Colony Trust Co. v. Helvering, 1937, 301 U.S. 379, 384, 57 S.Ct. 813, 81 L.Ed. 1169. The policy, as these cases indicate, is that the benefit from revenue is outweighed by the benefit to the general public welfare gained through the encouragement of charity. United States v. Proprietors of Social Law Library, 1 Cir., 1939, 102 F.2d 481, 482.

This point of view has predominated through the more than thirty years that the substance of Section 101(6) has been in effect. And the repeated re-enactment of the exemption virtually unchanged, until lately, enhances the quality of the petitioner's position. Willingham v. Home Oil Mill, supra, 181 F.2d at page 10. Indeed, the construction given to the Section by the decisions referred to was called to the attention of the Congress in 1942,[5] but the Section was continued in effect. Not until 1950, was a change made, and then on a wholesale scale for reasons of policy rather than simply for the collection of additional revenues:[6] the Congress specifically provided that no implication should be drawn from the amendments of 1950 as respects the previously effective exemption.[7]

It is clear that we are not here dealing with a corporation the purpose of which is to benefit, directly or indirectly, private interest. See Better Business Bureau of Washington, D. C., Inc. v. United States, 1945, 326 U.S. 279, 66 S.Ct. 112, 90 L.Ed. 67; Universal Oil Products Co. v. Campbell, supra. In the former case, it was pointed out that the petitioner's activities were largely animated by a commercial purpose, that is, to promote a profitable business community; in the latter, material advantages were gained from the arrangement by certain oil companies. The instant case, however, fits squarely within the Roche's Beach decision, and the purpose of the corporation involved is wholly charitable.[8]

5. Hearings before the House Ways and Means Committee on the Revenue Act of 1942, Vol. 1, page 89. In 1943, the exemption was continued because it was deemed best pending further information, and informational returns were required to be filed. H. Report 871, 78th Con. 1st Sess., page 24; S. Report 627, 78th Cong. 1st Sess., page 21.

6. In his tax message to the 81st Congress, 2nd Session, the President of the United States recognized the existence of "tax loopholes" in the exemption accorded educational and charitable corporations because of which they enjoyed an advantage over private enterprise. He recommended elimination of such advantages without jeopardizing the basic purpose of the tax exemption. H.Doc. 451, 81st Cong., 2d Sess., page 5. See also, H. Report 2319, 81st Cong., 2d Sess., pages 35, 41, and S. Report 2375, 81st Cong., 2d Sess., pages 28, 35, indicating the concurrence of the Congress.

7. § 303, Revenue Act of 1950, 26 U.S.C.A. § 421 note, provides in pertinent part: "*    *    *    The determination as to whether an organization is exempt under section 101 of the Internal Revenue Code from taxation for any taxable year beginning before January 1, 1951, shall be made as if section 301(b) of this Act had not been enacted and without inferences drawn from the fact that the amendment made by such section is not expressly made applicable with respect to taxable years beginning before January 1, 1951."

8. The decision in United States v. Community Services, Inc., 4 Cir., 1951, 189 F.2d 421 (exemption from employment taxes), follows the dissenting opinion of Judge Learned Hand in Roche's Beach, Inc. v. Commissioner, 2 Cir., 1938, 96 F.2d 776, albeit Judge Hand agreed with Bohemian Gymnastic Ass'n Sokol v. Higgins, 1945, 147 F.2d 774, and Consumer-Farmer Milk Coop., Inc. v. Commissioner, 2 Cir., 1950, 186 F.2d 68, certiorari denied 1951, 71 S.Ct. 803, both of which follow the majority in the Roche's Beach case.

We note also that it appears from the opinion of the Court that Community Services, Inc., not only has a purpose to devote its profits to charity, etc., but it has an additional purpose to operate its business ventures for the convenience of the employees of Graniteville Company, a non-exempt business organization, and of the people in the communities where Graniteville operates its mills. If this

We are, therefore, content to rest upon the historical approach to Section 101 (6), which leads to the conclusion that the petitioner was exempt. The problem, in that view, was chiefly legislative, and while the Congress has seen fit to amend the law, it has done so without changing the pre-existing situation.

For the reasons stated, the decision of the Tax Court will be reversed.

objective of convenience is substantial, the purpose of Community Services, Inc., is not exclusively charitable, and a decision contrary to that reached by the Court would run afoul of the singleness of purpose insisted upon in Better Business Bureau of Washington, D. C. v. United States, 1945, 326 U.S. 279, 66 S.Ct. 112, 90 L.Ed. 67.