OPINION. Disnet, Judge: We have here another question as to application of section 101 (6) of the Internal Revenue Code,[1] i. e., whether the petitioner is a corporation exempt from taxation. The petitioner correctly states that the question is whether the language “organized and operated exclusively for charitable * * * purposes” applies to the facts here involved. It goes on to state that the question was considered by this Court “in respect of a similar situation” in C. F. Mueller Co., 14 T. C. 922. The respondent says, correctly in our opinion, that the two cases are more than similar, are in fact on “all fours,” and points out that the petitioner here does not seek to distinguish the Mueller case but asks us to reexamine its decision and reach the opposite conclusion here. Petitioner on brief specifically asks us to reexamine the implications of Willingham v. Home Oil Mill, 181 F. 2d 9, and in effect if not in words presses for reexamination of our conclusions in the Mueller case. On May 5, 1951, the United States Court of Appeals, Fourth Circuit, decided United States v. Community Services, Inc., 189 F. 2d 421, holding, as did this Court in the Mueller case, that a corporation organized and operated to turn over its profits to a charitable organization is not exempt. The case involved section 1426 (b) (8), Internal Revenue Code (now section 1426 (b) (9) (B)) and not section 101 (6) but the statute involved is the same in both statutes in that section 1426 (b) (9) (B) makes section 101 (6) a part thereof. The cases cited by petitioner here were examined. Petitioner agrees that the case is a direct conflict with the Home Oil Mill case, supra. It is clear that this precise question has been decided by us in the Mueller case; and we see no reason to discuss it at length here. Though the petitioner suggests that the policy to tax commercially derived income to all charities was not made a part of the Federal tax structure under section 301, 302 and 303 of the Revenue Act of 1950, approved after the Mueller decision, we do not find in that Act ground for the inference seen by petitioner. Since the filing of briefs in this case, the United States Court of Appeals, for the Third Circuit, reversed the Mueller case, 190 F. 2d 120. With all due respect to that court, we adhere to the conclusions expressed by us in that case, and cited in Community Services, Inc., supra. We, therefore, conclude and hold that the petitioner is not, under section 101 (6), Internal Revenue Code, a corporation exempt from tax. Because of the concession by the respondent as to penalty, Decision will be entered for the respondent as to the deficiency determined, without penalty. SEC. 101. EXEMPTIONS FROM TAX ON CORPORATIONS. The following organizations shall be exempt from taxation under this chapter— ******* (6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation; [[Image here]]