DONOR REALTY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28088.   Promulgated November 29, 1951.

*Jay O. Kramer, Esq.*, for the petitioner.
*Joseph F. Rogers, Esq.*, for the respondent.

900

## OPINION.

DISNEY, *Judge:* Was the petitioner exempt from Federal income taxation under the language of section 101 (6), Internal Revenue Code?[1] The petitioner seeks to distinguish *C. F. Mueller Co.*, 14

[1] SEC. 101. EXEMPTIONS FROM TAX ON CORPORATIONS.
The following organizations shall be exempt from taxation under this chapter—
*       *       *       *       *       *       *
(6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation ;
*       *       *       *       *       *       *

T. C. 922, revd. 190 F. 2d 120, by pointing out that only a few real estate transactions had been engaged in by it whereas C. F. Mueller Co. was in business on a large scale; also because here there was no predecessor business. Petitioner's briefs were filed prior to reversal of the *Mueller* case. The decision of the District Court in *Community Services, Inc.* v. *United States* (E. D., S. C., August 11, 1950), was contrary to the view taken by us in the *Mueller* case. However, that decision also, since filing of briefs herein has been reversed, *United States* v. *Community Services, Inc.*, 189 F. 2d 421. The respondent, on his part, in addition to reliance on the *Mueller* case as decided by this Court, because of petitioner's competitive real estate business, suggests that this case is stronger than *Mueller* because under its certificate of incorporation petitioner was not required to distribute its profit to charity but could use it in its business, further, that the charter's provisions, including those providing for distribution to charity, could be altered, changed or repealed.

We think none of the differences between this case and *C. F. Mueller*, suggested by either party here, are material to the prime consideration decided by us in *C. F. Mueller, supra*, and disapproved in the reversal by the United States Court of Appeals, Third Circuit, but approved by the United States Court of Appeals, Fourth Circuit, in the *Community Services* case. That prime consideration is, in effect, whether the destination of the income is more important than source. Despite reversal in the *Mueller* case, we have recently, in *Joseph B. Eastman Corporation*, 16 T. C. 1502, adhered to our views on the question, (though because of section 601, Revenue Act of 1951, it has since been disposed of by stipulation). Following the *Mueller* case and with all due respect to the United States Court of Appeals, Third Circuit, we conclude and hold that the petitioner is not exempt from taxation under section 101 (6), Internal Revenue Code.

*Decision will be entered for the respondent.*