OPINION. Arundell, Judge: The question involved here is whether the petitioner corporation was exempt from taxation under the provisions of section 101 (6) [1] of the Internal Revenue Code during the years in issue. The respondent takes the view that the petitioner was engaged in a commercial publishing enterprise with an unrestricted certificate of incorporation and consequently neither organized nor operated exclusively for scientific, literary, or educational purposes within the meaning of section 101 (6). On the other hand, petitioner argues that the Dewey Decimal Classification System is an important tool for educational purposes, that it has no commercial adaptation, and that the preparation, editing, and publication of this work has been its sole activity. Moreover, it contends that even if it were held to be a commercial enterprise, whatever profits it might make would eventually be paid over to its parent, the foundation, and devoted to educational uses by the foundation, under the terms of Dewey’s gift, and this would be sufficient to give it exemption. Certainly the holdings of the United States Courts of Appeals for the Second and Third Circuits in Roche's Beach, Inc. v. Commissioner, 96 F. 2d 776, and C. F. Mueller Co. v. Commissioner, 190 F. 2d 120, lend support to petitioner’s view, but this Court has heretofore declined to follow those cases which were reversals of our own decisions. Joseph B. Eastman Corporation, 16 T. C. 1502, and Donor Realty Corporation, 17 T. C. 899. But this does not serve to dispose of the question we are called upon to answer. In Roche's Beach, Inc. v. Commissioner, and C. F. Mueller Co. v. Commissioner, supra, the taxpayer-corporations were unquestionably engaged in commercial enterprises, in competition with others, although all of the profits were dedicated to exempt purposes under section 101 (6). However, in the instant case we have found as a fact that petitioner was both organized and operated exclusively for educational purposes and, as we stated in the early case of Unity School of Christianity, 4 B. T. A. 61, the fact that the charter under which the corporation was organized may have permitted other activities is not in and of itself controlling. In that case, we held that the organization was exempt from taxation under a provision of the law which was a predecessor to section 101 (6). We said: It is said that the fact that the incorporation was under the business law is indicative of its commercial purpose. This might be significant if not otherwise explained, but it is not conclusive. A corporation so organized is not, merely because it is permitted thereby to engage in business, precluded from an exclusively charitable purpose. The purpose of its organization and operation is still a question of fact, and the evidence may be such as to show that its purpose was charitable despite the ordinary implications of the statute under which it was created. The suggestion also arises that the stated purposes expressed in the charter are entirely consistent with a corporation to be conducted for private gain — that a school or a sanitarium is not necessarily charitable or nonprofl'table. And this, indeed, is true. By its charter this corporation might lawfully have been used as the means of increasing the wealth of its founders and stockholders. But the evidence is all to the effect that this was never the purpose or intent and has not been the effect. Looking to the purpose, as the statute requires, it becomes a question again of fact, as disclosed by evidence, and this is not determined by what might otherwise have been consistent with the charter. We think that a similar observation is pertinent in this case. The petitioner was formed, as the facts show without contradiction, for the purpose of preparing and publishing the Dewey Decimal Classification System and that it confined its activities during the years in issue to that function. When the foundation performed this operation, prior to the petitioner’s incorporation, it was exempt. While a reading of the petitioner’s charter might imply that it was not organized exclusively for educational purposes, we think that such inferences are clearly displaced by the uncontradicted reasons for the petitioner’s creation and by the activities it engaged in during the years in issue. Cf. Roche’s Beach, Inc., 35 B. T. A. 1087. We think that petitioner is entitled to exemption under section 101 (6) of the Code. Reviewed by the Court. Decision will be entered for the petitioner. SEC. 101. EXEMPTIONS FROM TAX ON CORPORATIONS. The following organizations shall be exempt from taxation under this chapter— [[Image here]] (&) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation.