CAMPBELL

v.

BIG SPRING COWBOY REUNION.

No. 14552.

United States Court of Appeals
Fifth Circuit.

Feb. 12, 1954.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen.,

Louise Foster, Sp. Asst. to Atty. Gen., Washington, D. C., Cecelia H. Goetz, Sp. Asst. to Atty. Gen., Washington, D. C., Frank B. Potter, U. S. Atty., Midland, Tex., for appellant.

Grover Cunningham, Jr., Big Spring, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

RIVES, Circuit Judge.

The question to be decided on this appeal is whether the district court erred in holding that the taxpayer corporation, Big Spring Cowboy Reunion, which annually puts on a rodeo show at Big Spring, Texas, is exempt from taxation under the provisions of Section 101(1) of the Internal Revenue Code, 26 U.S.C. § 101(1),[1] as an agricultural organization. Such an organization is further described in Treasury Regulation 111, Sec. 29.101(1)–1.[2] The district court found for the taxpayer with a succinct statement of the reasons for its decision.[3] Appellant insists that the find-

---

1. "§ 101. Exemptions from tax on corporations.

"The following organizations shall be exempt from taxation under this chapter—

"(1) Labor, agricultural, or horticultural organizations; * * *."

2. "Sec. 29.101 (1)–1. Labor, Agricultural, and Horticultural Organizations.

"The organizations contemplated by section 101 (1) as entitled to exemption from income tax are those which—

"(1) Have no net income inuring to the benefit of any member;

"(2) Are educational or instructive in character; and

"(3) Have as their objects the betterment of the conditions of those engaged in such pursuits, the improvement of the grade of their products, and the development of a higher degree of efficiency in their respective occupations.

"Organizations such as county fairs and like associations of a quasi-public character, which are designed to encourage the development of better agricultural and horticultural products through a system of awards, and whose income from gate receipts, entry fees, and donations is used exclusively to meet the necessary expenses of upkeep and operation, are thus exempt. On the other hand, associations which have for their purpose, for example, the holding of periodical race meets, the profits from which may inure to the benefit of their shareholders, are not exempt. Similarly, corporations engaged in growing agricultural or horticultural products for profit are not exempt from tax."

3. "Plaintiff satisfies the provisions of Section 101(1) of the Internal Revenue Code for the reasons that it is an agricultural organization, has no net income inuring to the benefit of any member, is educational or instructive in character, and has as its objectives a betterment of the conditions of those engaged in farm and ranch activities, the improvement of the grade of their products, and the development of a higher degree of efficiency in the farm and ranch industries. Plaintiff is incorporated under the general business provisions of the laws of the State of Texas, but it has been operated as a non-profit enterprise; it was the intention of the original incorporators that no profit should ever inure to the benefit of any member; and no dividend, interest, royalties or other form of remuneration has ever been paid the stockholders."

ings of the district court are clearly erroneous.

Big Spring Cowboy Reunion was incorporated in 1934 under the laws of Texas by nine persons who were either business men in that community or operated nearby ranches. Its charter stated simply that, "The purpose for which it is formed is to support and maintain rodeos" and further that, "the place where the business of this corporation is to be transacted is at Big Spring, in Howard County, Texas." Since its incorporation, the taxpayer has put on a rodeo annually at Big Spring, Texas, and in conjunction with the rodeo has permitted the Howard County Fair Association, a separate organization, and the local 4-H Club to show exhibits on land furnished without charge by the taxpayer.

No dividends were ever paid by the corporation to any of its stockholders. Several stockholders testified that it was intended from the beginning as a nonprofit organization, although its charter is silent on this point. After the present tax controversy arose, that intention was made explicit by the adoption of a by-law said to be retroactive to the date of incorporation and which is set out in the margin.[4]

As contemplated by its charter, the activities of the taxpayer have been confined to Big Spring, a center of ranch and farm activity. Each year the city is decorated for the rodeo. A local service club handles the concessions. All activities are conducted by persons working without compensation, except that professional rodeo promoters are engaged for a percentage of the gate receipts and the performers themselves come from all over the United States. The men active in the taxpayer's affairs are active also in the Farm Bureau, 4-H Club and other farm and ranch organizations.

Under Section 101(1) of the Internal Revenue Code and the applicable Treasury Regulation (footnotes 1 and 2, supra), in order for the taxpayer to qualify for exemption as an agricultural organization it must satisfy three requirements: (1) it must have no net income inuring to the benefit of any member; (2) it must be educational or instructive in character; and (3) it must have as its purpose the betterment of agricultural working conditions, the improvement of the grade of agricultural products, or the development of a higher degree of efficiency in the occupation of farming or ranching.

The appellant insists that the character of the corporation and the purpose for which it was organized must be ascertained by reference alone to the terms of its charter, citing Harrison v. Barker Annuity Fund, 7 Cir., 90 F.2d 286; Northwestern Municipal Association v. United States, 8 Cir., 99 F.2d 460; Helvering v. Coleman-Gilbert, Associates, 296 U.S. 369, 374, 56 S.Ct. 285, 80 L.Ed. 278. Though the charter was silent as to the corporation being a nonprofit organization and did not elaborate on its purpose to support and maintain rodeos, we think that those deficiencies in the corporate charter could be and were supplied by extrinsic evidence. Roche's Beach, Inc., v. Commissioner of Internal Revenue, 2 Cir., 96 F.2d 776; Debs Memorial Radio Fund v. Commissioner of Internal Revenue, 2 Cir., 148 F.2d 948; Koon Kreek Klub v. Thomas, 5 Cir., 108 F.2d 616; Scofield v. Rio Farms, Inc., 5 Cir., 205 F.2d 68.

As to whether a rodeo show is educational or instructive in character,

4.    "Article XI.
"The profits, earnings and surplus which shall from time to time accrue to such corporation by admissions to exhibits, rodeos, and fairs, sales and leases of property, contributions from shareholders and other individuals interested in the welfare of such corporation, and any and all accretions to the wealth of such corporation shall not be used for the payment of dividends, bonuses, royalties, or in any manner used such as to inure to the benefit of any private shareholder. * * *"

admittedly a close question is presented.[5] Entertainment is often one of the most effective methods of educating people and of imparting instructions. The exhibition of skills useful in handling animals obviously stimulates interest in such skills and in the training of animals. The Treasury Regulation itself (footnote 2, supra) classifies county fairs and like associations of a quasi-public character as exempt under this section. Such education and instruction as are accomplished by county fairs and like association come about largely through means of entertainment. Compare Oklahoma State Fair & Exposition v. Jones, D.C.W.D.Okl., 44 F.Supp. 630. In this connection, we would emphasize the facts that the taxpayer's activities are restricted to its location, Big Spring, and that Big Spring is a center of ranch and farm activity, where a need exists for such education and instruction as may be furnished by rodeos.

■ The appellant insists that the purpose of the taxpayer was to bring business to Big Spring and not to promote agriculture. The Chamber of Commerce always actively participated in the rodeo and it was advertised extensively throughout surrounding communities. It resulted in bringing large numbers of people to Big Spring and in the betterment of business in that community. Those considerations, however, do not disprove a purpose to promote agriculture, but are consistent with such purpose. Practically the same argument could be made as to county fairs and like associations which are admittedly exempt.

In short, while the case is a close one, we are not prepared to hold that the findings of the district court are erroneous, certainly not clearly erroneous. The judgment is therefore

Affirmed.

5. The District Judge commented: " * * * it is a borderline case, but we think the preponderance of the evidence, in the light of the circumstances, is that the institution was organized through the public spirited citizens to erect, to make people ranch minded, to make them agricultural minded, to add an attraction to their Fair, and help the Chamber of Commerce, which would probably be promoting the Fair."