**HILLCREST COUNTRY CLUB, Inc., a corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 5067.

United States District Court
W. D. Missouri, W. D.

June 28, 1957.

Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., for plaintiff.

Edward L. Scheufler, U. S. Atty., O. J. Taylor, Asst. U. S. Atty., Kansas City, Mo., William F. Kolbe, Atty. Tax Division, Dept. of Justice, Washington, D. C., for defendant.

R. JASPER SMITH, District Judge.

This is an action to recover income taxes and interest assessed against and paid by plaintiff for the fiscal years ended September 30, 1944, to September 30, 1946, inclusive, and for excess profits taxes and interest assessed against plaintiff and paid by it for the fiscal years ending September 30, 1945, and September 30, 1946, in the aggregate amount of $20,147.14, with statutory interest thereon from date of payment.

Plaintiff claims that it was exempt from taxation during the years in question under Section 101(9) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 101(9), which reads as follows:

"§ 101. Exemptions from tax on corporations.

"* * * The following organizations shall be exempt from taxation under this chapter—* * *

"(9) Clubs organized and operated exclusively for pleasure, recreation, and other nonprofitable purposes, no part of the net earnings of which inures to the benefit of any private shareholder."

Claims for refund were timely filed by plaintiff and were rejected by the Commissioner of Internal Revenue within two years from the date the present action was instituted. Defendant bases it claims entirely on the premise that notwithstanding the fact that under all its operations plaintiff operated within the exemption provision of Section 101

(9), that the fact that its organization authorized it to function in a different fashion, prevented its exemption within the provision of the Act, predicating its position solely on the fact that plaintiff must be "organized *and* operated" within the exemption provision.

The facts are undisputed and are here largely by stipulation.

Certain facts concerning the intent of the original organizers of plaintiff are not included in the stipulation, defendant having objected to their admission on the ground that in fact they vary the terms of the original articles of incorporation and the by-laws, but even in that case no contrary evidence is submitted.

Briefly stated, the facts are these:

Prior to July 20, 1933, Hillcrest Investment Company, a Missouri corporation, owned certain real property upon which there was located a golf course and club house, and which for many years was operated as a private golf club by Hillcrest Country Club, a nonprofit corporation organized under a pro forma decree by the Circuit Court of Jackson County, Missouri. Hillcrest Investment Company defaulted in the payment of principal and interest due on the promissory note secured by the property and the trustee proceeded to advertise the property for sale in accordance with the terms of the deed of trust.

Hillcrest Country Club was advised by its counsel that it could not hold title to real property. Certain members of the Club worked out a plan pursuant to which plaintiff was organized under Article 7, Chapter 32 of the Revised Statutes of Missouri 1929, V.A.M.S. § 351.-010 et seq., commonly known as "The Manufacturing and Business Corporation Act." Under this plan plaintiff was to acquire the property and assets of the Country Club in exchange for certain shares of plaintiff's capital stock and the assumption of the former Club's liabilities. In due course the property was acquired by plaintiff.

The purposes for which plaintiff was organized as disclosed in its Articles were largely standard and routine under the now repealed manufacturing and business corporation act, authorizing it to purchase, own, sell, and operate a club house and adjacent properties; to buy, own, hold, acquire and sell real and personal property, and to carry on a general real estate and construction business in connection therewith; to acquire such real and personal property as might be necessary or useful in connection with its other purposes; and to incur indebtedness generally.

The original by-laws contained standard provisions of ordinary manufacturing and business corporations, and in particular authorized the declaration of dividends from the surplus profits of the corporation. There were also provisions limiting the use of the property to members with stock, and restricting the rights of stockholders unless they were old members.

240 shares of the authorized capital stock were initially subscribed for and issued to the twelve incorporators. After incorporation additional shares were sold, and during the taxable years 1944 to 1946, inclusive, there were outstanding 4970 shares owned by approximately 350 stockholders.

Beginning in August, 1933, the plaintiff operated the property as a private golf and country club; and it is stipulated that after the organization plaintiff operated its facilities precisely within the limits of the exemption statute, Section 101(9).

After application for exemption under Section 101(9) was denied by the Commissioner, plaintiff's articles of incorporation and by-laws were amended to reflect correctly the purpose for which plaintiff was organized and to conform with its actual operations.

No dividends have ever been declared or paid, and the net earnings for the years in question were used in operation of the Club.

Thus the sole question at issue now is whether the corporation organized technically as a business corporation,

whose by-laws and articles of incorporation authorize the payment of dividends, may under any circumstances be entitled to the exemption provided in Section 101(9). Defendant urges that we may not go back of the articles and by-laws to determine the intent of the organizers but that plaintiff is bound by those articles and by-laws.

There is no question but that extrinsic evidence is admissible to show the real purpose of organization; and further, there is no question but that the record in the instant case shows that plaintiff was in fact organized exclusively for a nonprofit purpose, that is, to operate a golf and country club for the pleasure and recreation of its members. See Roche's Beach, Inc., v. Commissioner of Internal Revenue, 2 Cir., 96 F.2d 776; Unity School of Christianity v. Commissioner, 4 B.T.A. 61; Campbell v. Big Spring Cowboy Reunion, 5 Cir., 210 F.2d 143; Commissioner v. Battlecreek, Inc., 5 Cir., 126 F.2d 405; Kanawha-Roane Lands, Inc. v. United States, D.C., 136 F.Supp. 631.

Under these cases, in determining whether a corporation was "organized exclusively" for the purpose within the exemption statute, extrinsic evidence is admissible to show the real purpose for which the corporation was organized, and that purpose is not to be determined solely from the articles of incorporation and the by-laws, but from a consideration of all of the evidence including the particular circumstances surrounding incorporation, the purpose and intent of the incorporators, the amendments to the articles of incorporation or changes in the by-laws, and the activities and operations of the corporation as well as those of any predecessor organization.

With this premise, there can be no question but that under the evidence presented, plaintiff was "organized *and* operated" exclusively for pleasure, recreation and other nonprofit purposes, no part of the net earnings of which inured to the benefit of any private shareholder, and under those circumstances plaintiff is entitled to the exemption claimed. The original incorporators testified as to the intent existing at the time of incorporation. This Court can note the existence of the decision of the Supreme Court of Missouri in the case of Rockhill Tennis Club v. Volker, 331 Mo. 947, 56 S.W.2d 9, and the fact that in the view of many Missouri attorneys the only corporate vehicle available to them under the circumstances was the then Manufacturing and Business Corporation Act. No contrary evidence was shown or tendered.

Plaintiff is entitled to judgment against defendant in the sum of $20,-147.14, with statutory interest thereon from date of payment, with its costs. Judgment will be entered accordingly. It is so ordered.