18904

COLUMBIA COUNTRY CLUB, Respondent, v. Otis W. LIVING-STON, James A. CALHOUN, JR., Wyatt E. DURHAM, Walter W. LEWIS, and Robert C. WASSON, as Members of and Constituting the South Carolina Tax Commission, Appellants.

(167 S. E. (2d) 300)

*Messrs. Daniel L. McLeod, Attorney General,* and *Joe L. Allen, Jr.,* and *G. Lewis Argoe, Jr., Assistant Attorneys General,* of Columbia, *for Appellants,*

*John A. Martin, Esq.,* of Winnsboro, *for Respondent,*

April 15, 1969.

WADE S. WEATHERFORD, JR., Acting Associate Justice.

The respondent, Columbia Country Club, under protest, paid $2,166.25 assessed by appellant as a tax liability for alleged admission charges for the period from January 1, 1963 to April 30, 1965, pursuant to the authority of Section

65-802, Code of Laws of South Carolina, 1962, as amended. Respondent then brought this action to recover this amount. The Master and the Trial Judge allowed recovery, holding that the respondent was exempt from payment of an admission tax by reason of its being a nonprofit corporation. The Tax Commission appeals from the adverse ruling.

Columbia Country Club was chartered on August 30, 1945, as a business corporation under the provisions of Article 2, Chapter 153 of the Code of Laws of South Carolina, 1932, and thereafter, near the City of Columbia, owned and operated a country club at which facilities for golfing, swimming and dining were maintained for the use of its members and their guests.

The corporation had an authorized capital stock of 400 shares of the par value of $250.00 each. Only active club members could own stock and no member was permitted to own more than one share. The fourth paragraph of the charter specifically stated that the general nature of the business which the corporation proposed to do was "to own, operate, manage and maintain a country club and to do all things necessary incident thereto for t h e enjoyment, entertainment and pleasure of its stockholders." According to the club by-laws, adopted in 1945, the purposes as enumerated in the charter were to be carried out "without profit."

The entire operating revenue of the club is derived from members and their guests with the primary source being the equal and uniform dues paid monthly by members. The club has earned no profits and has never been required to pay an income tax. Since the year 1947 the Internal Revenue Service of the United States has treated respondent as an exempt organization under Section 501 (c) (7) of the Internal Revenue Code which provides that clubs "organized and operated exclusively for pleasure, recreation, and other non-profit purposes" are exempt from federal income tax.

During the period in question respondent collected certain charges or fees from its members and from guests of mem-

bers for use of its facilities such as swimming and golf. The charge to guests of members is conceded to be an admission and subject to the tax unless respondent is entitled to exemption as a non-profit corporation. The charge to regular members is in dispute. As an example, each club member who used the golf facility was required to pay, in addition to his regular monthly dues, an extra charge of fifty cents for each round of golf. Respondent contended that this was not an admission but a special dues equalization assessment designed to allocate a part of the financial burden of the golf facility to those club members who actually used the golf course. Appellant construed the additional charge to members as an admission and accordingly assessed the tax and penalty.

A license tax of one cent for each ten cents or fractional part thereof, charged as an admission to all places of amusement in South Carolina, is imposed by Section 65-802, but the statute allows certain exemptions from the tax, among them being "any eleemosynary and nonprofit corportion or organization."

Upon the above facts, undisputed on the record, the ■ Master and Circuit Judge concluded that respondent was organized as a nonprofit corporation and had operated as such throughout its existence and was, therefore, entitled to the statutory exemption. The dual criterion of organizational purposes and operational history is, we think, a valid basis for inquiry into the character of a corporation.

Appellant, in actuality, does not challenge the conclusion that respondent organized and subsequently operated as a nonprofit corporation. The principal argument of appellant is that the corporate charter of respondent was modified and changed to that of a "profit" corporation when the General Assembly of South Carolina enacted the South Carolina Business Corporation Act of 1962, Act No. 847, Acts and Joint Resolutions, 1962, now codified in the Code supplement as Chapters 1.1 to 1.14 of Title 12.

This legislation repealed Chapter 2 of Title 12 of the 1962 Code which contained the basic law under which South Carolina corporations with authority to issue capital stock had organized for many years.

Section 12-11.2 of the Corporation Act of 1962 contains definitions of various words and terms used in the statute. Sub-paragraph (b) states that " 'Corporation' or 'domestic corporation' means a corporation for profit formed under the laws of this State."

In view of this definition appellant contends that the character of respondent, irrespective of its organizational and operational history as a corporation, has now been conclusively determined to be that of a profit corporation by the South Carolina Business Corporation Act of 1962 and that it is impermissible to show otherwise on any basis. The position of appellant is succinctly stated in its brief as follows:

"The General Assembly in 1962 made the respondent a corporation for profit. The respondent exists by operation of law, and by operation of law is defined as a profit corporation and such is conclusive. It was prohibited from offering any evidence that would tend to establish its character otherwise and the evidence and testimony submitted for such proposes was inadmissable."

We do not agree with this view. The definition may be sufficient to create a legal presumption or implication arising out of corporate organization under the statute, but such would be rebuttable. Under sound legal principles we think evidence clearly would be admissible to prove the purposes for which a corporation organized and operated.

While much of the litigation in this field has involved exemptions under the federal tax law, the principles developed and enunciated in the cases are equally persuasive in determining the right of a corporation to tax exemption under a state statute. These principles are delineated in an annotation in 69 A. L. R. (2d) 871, from which we quote:

"The charter or other instrument by which an organization comes into being is not conclusive on the issue of the purposes for which it is organized, and the court may consider extrinsic evidence on the issue. And the fact that an organization was incorporated under the general business corporation laws, rather that under the laws relating to charitable, educational, or nonbusiness corporations does not preclude a finding that it was organized exclusively for exempt purposes. The purpose for which a corporation has been organized is a question of fact, to be determined from all the evidence, including statements in the charter and evidence concerning the circumstances surrounding its organization, the purposes and intentions of the incorporators, and the activities of the corporation and of any predecessor organization." (879.)

\* \* \* \* \* \*

"The fact that an organization which desired to conduct an exempt activity organized a corporation under the general business corporation laws, rather than under the laws relating to charitable, educational, or non-business corporations does not preclude a finding that it was organized exclusively for exempt purposes. \* \* \*

"In some instances an organization which is exempt from taxation under federal law has to incorporate under the state business corporation law because the state laws do not give the right to organize such an organization under the statutes relating to corporations which are not organized for profit. In this situation the organization should not lose its exemption under federal statutes merely because of accidental variations or deficiencies in state laws." (886.)

See the cited case of *Hillcrest Country Club, Inc. v. United States* (1957 D. C. Mo.) 152 F. Supp. 896.

The Business Corporation Act of 1962 provides in Section 12-11.3(d):

"The enactment of chapters 1.1 to 1.14 of this Title shall not affect the existence of any corporation existing on January 1, 1964, and its shareholders, directors, and officers

shall have the same rights and be subject to the same limitations, restrictions, liabilities and penalties as a corporation organized after January 1, 1964".

It must be recognized that the Corporation Act did not become effective until January 1, 1964, and could not have been effective during the year 1963. It should also be pointed out that in South Carolina the exclusive statutory authority for the organization of a nonprofit stock corporation of the character here involved is now the Business Corporation Act of 1962. Section 12-16.1 of the Act of 1962 provides, however, that:

"(a) The bylaws of a corporation may contain any provisions, which are not inconsistent with law or with the articles of incorporation, for the regulation and management of the business and affairs of the corporation. Any provision which may properly appear in the bylaws may be included in the articles of incorporation."

This is adequate statutory authority, in our view, for a stock corporation to organize for nonprofit purposes and to include in its by-laws and articles of incorporation a direction and mandate that it be operated for the enjoyment, entertainment and pleasure of its stockholders without profit.

We do not think the Business Corporation Act of 1962, considered as a whole, intended arbitrarily to deprive a corporation of the right to show that it operated in accordance with the purposes for which it was organized and on the basis of which its legal character may be determined. We think the lower court was correct in its determination that respondent qualified for the exemption as a non-profit corporation even if the charge was an admission which we need not decide.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.